OPINION OF THE COURT
Titone, J.
 Penal Law § 260.20 (4), which makes it a crime for anyone but a parent or guardian to furnish alcoholic beverages to a person who is under the legal purchase age, does not give rise to an implied private right of action in favor of such a person who has been injured as a result of his or her own consumption of alcohol. Accordingly, since recovery under traditional common-law tort principles is also precluded on *632 this record, this minor plaintiffs complaint against the party that furnished her with alcohol was properly dismissed.
On the evening of June 24, 1983, plaintiff Margaret Sheehy, who was then 17 years old, attended the "Big Flats Community Days” celebration, an outdoor event that was sponsored by defendant Big Flats Community Days, Inc. (Big Flats). According to the allegations in her complaint, Sheehy was served several beers in a beer tent operated by defendant American Legion Ernest Skinner Memorial Post 1612 (American Legion). Sheehy claimed that she had not been asked for proof of her age before she was admitted to the tent or served. At the time of the incident the legal age for purchasing alcoholic beverages in New York was 19 (Alcoholic Beverage Control Law § 65 [former (1)], as amended by L 1982, ch 159, §D. '
An affidavit submitted by one of Sheehy’s witnesses alleged that she entered the American Legion beer tent for the second time just before midnight and was served additional beers, although she was staggering and was visibly intoxicated. She then crossed the highway and entered the bar operated by defendant Driscoll’s Tavern, Inc. (Driscoll’s), where she was served another alcoholic beverage. When Sheehy attempted to cross the highway and return to the grounds of the "Community Days” celebration, she was struck by an automobile and severely injured.
Sheehy commenced the present action against Big Flats, American Legion and Driscoll’s, claiming that their conduct in serving her alcoholic beverages in violation of law was the proximate cause of the accident. Defendant American Legion, the only defendant involved in this appeal, denied the factual allegations in Sheehy’s complaint, alleging instead that plaintiff had been asked for proof of her age before having been served and that she had displayed a false driver’s license. Defendant also claimed that Sheehy had immediately been told to leave the beer tent after she was recognized by someone who knew her true age.
In response to American Legion’s motion for summary judgment, Supreme Court dismissed Sheehy’s asserted causes of action against that defendant.[1] Viewing the complaint’s *633 allegations and the supporting submissions in the light most favorable to Sheehy, the court nevertheless concluded that neither her common-law claim nor the claim based upon a violation of Penal Law § 260.20 (4)[2] was legally maintainable. The Appellate Division affirmed, holding that the existence of a recently enacted statute providing for civil liability in cases involving the provision of alcoholic beverages to individuals under the legal purchase age (General Obligations Law § 11-100) precluded any inference that the Legislature intended a judicially created right of recovery based upon the Penal Law provision (137 AD2d 160, 163-164). The court then granted Sheehy leave to appeal to this court, certifying the following question of law: "Did this court err as a matter of law in affirming the order of Supreme Court partially granting a motion by defendant American Legion * * * for summary judgment dismissing the complaint against it?”
The primary issue on this appeal, an issue on which there has been some disagreement among the Appellate Divisions (compare, 137 AD2d 160, supra, with Stambach v Pierce, 136 AD2d 329), is whether a private right of action for damages exists under Penal Law § 260.20 (4). At the time of Sheehy’s accident, that statute imposed criminal penalties on any person, other than a parent or guardian, who "gives or sells or causes to be given or sold any alcoholic beverage * * * to a child less than nineteen years old” (Penal Law § 260.20 [4], as amended L 1982, ch 159, § 4).[3] Since the statute does not make express provision for civil damages, recovery under Penal Law § 260.20 (4) may be had only if a private right of action may fairly be implied.
Of central importance in this inquiry is the test set forth in Burns Jackson Miller Summit & Spitzer v Lindner (59 NY2d 314; see also, CPC Intl. v McKesson Corp., 70 NY2d 268). Under that test, the essential factors to be considered are: (1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme (CPC Intl. v McKesson Corp., *634 supra, at 276-277; Burns Jackson Miller Summit & Spitzer v Lindner, supra, at 329-331). It was the third prong of this test that led to a rejection of a private right of action in CPC Intl. v McKesson Corp. (supra), one of the more recent applications of the Burns Jackson analysis. We reach the same result here.
In this case, there is no doubt that the first, and perhaps most easily satisfied, prong of the Burns Jackson test has been met. The statutory provision criminalizing the provision of alcoholic beverages to those under the legal purchase age (Penal Law § 260.20 [4]), which is located within the Penal Law article dealing with offenses against children and incompetents (Penal Law art 260), was unquestionably intended, at least in part, to protect such individuals from the health and safety dangers of alcohol consumption, dangers of which their limited experience provides little warning (see, People v Arriaga, 45 Misc 2d 399, 401; Governor’s Mem of Approval, 1985 McKinney’s Session Laws of NY, at 3288, quoted in Hechtman, 1985 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 260.20, 1989 Cum Ann Pocket Part, at 87; see also, People v Martell, 16 NY2d 245, 247). Plaintiff, who was under the legal purchase age at the time of her accident, was clearly within this category.
Similarly, it cannot be denied that recognition of a private right of action for civil damages would, as a general matter, advance the legislative purpose. In making the provision of alcohol to individuals under the legal purchase age a crime, the Legislature plainly intended to create a deterrent for those who might, intentionally or carelessly, engage in the proscribed conduct. Obviously, permitting civil damage suits for injuries arising from the same conduct would also further this deterrent goal.
These conclusions, however, do not end the inquiry. In addition to determining whether Sheehy was within the intended protected class and whether permitting her claim would advance the legislative goal, we must, "most importantly, [determine] the consistency of doing so with the purposes underlying the legislative scheme” (Burns Jackson Miller Summit & Spitzer v Lindner, supra, at 325 [emphasis supplied]). For, the Legislature has both the right and the authority to select the methods to be used in effectuating its goals, as well as to choose the goals themselves. Thus, regardless of its consistency with the basic legislative goal, a private *635 right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the Legislature or with some other aspect of the over-all statutory scheme (see, CPC Intl. v McKesson Corp., supra, at 276, 277).
In this case, in addition to establishing criminal penalties for the provision of alcoholic beverages to individuals under the legal purchase age, the Legislature has deliberately adopted a scheme for affording civil damages to those injured by the negligent or unlawful dispensation of alcohol. General Obligations Law § 11-101 (the Dram Shop Act), which applies only to commercial alcoholic beverage sales (D’Amico v Christie, 71 NY2d 76), expressly provides for a right of action by any person "injured in person, property, means of support, or otherwise by any intoxicated person” against the person who unlawfully sold or assisted in the procuring of the intoxicated person’s alcohol. However, this statute has been held not to authorize recovery in favor of the individual whose intoxication resulted from the unlawful sale (see, e.g., Mitchell v The Shoals, Inc., 19 NY2d 338, 340-341; Reuter v Flobo Enters., 120 AD2d 722; Allen v County of Westchester, 109 AD2d 475, appeal dismissed 66 NY2d 915; Matalavage v Sadler, 77 AD2d 39; Moyer v Lo Jim Cafe, 19 AD2d 523, affd 14 NY2d 792).
Even more to the point, General Obligations Law § 11-100, which was enacted in 1983, provides for recovery against a person who knowingly caused a young person’s intoxication by furnishing alcoholic beverages, with or without charge, "with knowledge or reasonable cause to believe that such person was [a person under the legal purchase age].” Significantly, in enacting this statute, which specifically addresses the problem of civil damages resulting from youthful alcoholic excesses, the Legislature authorized suit only by persons "injured in person, property, means of support, or otherwise, by [the intoxicated person]”, the same language as that used in General Obligations Law § 11-101. Since the Legislature must be presumed to have been aware of the long-standing judicial construction of that language as precluding recovery by the intoxicated person, it is reasonable to infer that the Legislature intended the same result in cases arising under section 11-100.
When this background is considered, it becomes apparent that a private right of action in favor of the intoxicated minor cannot fairly be implied from the prohibition contained in *636 Penal Law § 260.20 (4). Where the Legislature has not been completely silent but has instead made express provision for civil remedy, albeit a narrower remedy than the plaintiff might wish, the courts should ordinarily not attempt to fashion a different remedy, with broader coverage, on the basis of a different statute, at least where, as here, the two statutes address the same wrong (see, CPC Intl. v McKesson Corp., supra, at 282-283 [applying Federal law]; Carpenter v City of Plattsburgh, 105 AD2d 295, 298-299, affd 66 NY2d 791; Drinkhouse v Parka Corp., 3 NY2d 82). Indeed, it would be anomalous to infer from its silence that the Legislature intended to permit a private right of recovery based upon the duty created by Penal Law § 260.20 (4) when that body has so recently adopted a specific statute on the same subject, which was clearly intended to exclude the class of injureds in which this plaintiff falls.
Manifestly, the Legislature has already considered the use of civil remedies to deter the sale of alcoholic beverages to those under the legal purchase age and has determined that the approach embodied in General Obligations Law § 11-100 is the most suitable. Recognizing a private right of action in favor of the intoxicated youth under Penal Law § 260.20 (4) would be inconsistent with the evident legislative purpose underlying the scheme embodied in General Obligations Law §§ 11-100 and 11-101: to utilize civil penalties as a deterrent while, at the same time, withholding reward from the individual who voluntarily became intoxicated for his or her own irresponsible conduct. We cannot, and will not, use Penal Law § 260.20 (4) as a predicate for overriding this legislative policy judgment (cf., D’Amico v Christie, supra, at 84).
Turning to Sheehy’s purported common-law claim, we conclude that it too is fatally flawed and was therefore properly dismissed. Rejecting any argument that a duty exists to protect a consumer of alcohol from the results of his or her own voluntary conduct, the courts of this State have consistently refused to recognize a common-law cause of action against providers of alcoholic beverages in favor of persons injured as a result of their own voluntary intoxication (e.g., Wellcome v Student Coop., 125 AD2d 393; Allen v County of Westchester, supra; Gabrielle v Craft, 75 AD2d 939; Paul v Hogan, 56 AD2d 723; Bizzell v N.E.F.S. Rest., 27 AD2d 554; Moyer v Lo Jim Cafe, supra; Scatorchia v Caputo, 263 App Div 304; Vadasy v Feigel’s Tavern, 88 Misc 2d 614, affd 55 AD2d 1011; see also, Reuter v Flobo Enters., 120 AD2d 722, supra). *637 An exception to the general common-law rule that providers of alcoholic beverages have no duty to protect against the consequences of voluntary intoxication has been recognized in cases where a property owner has failed to protect others on the premises, or in other areas within the property owner’s control, from the misconduct of an intoxicated person, at least when the opportunity to supervise was present (see, D’Amico v Christie, supra, at 85 [and cases cited therein]). However, that exception has no application in a case such as this, which involves an attempt to recover by the person who voluntarily became intoxicated. Finally, while Sheehy now contends that a new exception to the common-law rule should be recognized when the person who became intoxicated was under the legal purchase age (see, Dynarski v U-Crest Fire Dist., 112 Misc 2d 344; see also, Allen v County of Westchester, supra, at 478), she did not make a similar argument in the court of first instance, and we therefore have no occasion to consider it now.
Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the negative.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur.
Order affirmed, etc.

. Plaintiff Margaret Sheehy’s claims against Driscoll’s and Big Flats remain pending. Additionally, Sheehy’s mother’s Dram Shop Act claim (see, General Obligations Law § 11-101) against all three defendants remains pending, as do the potential cross claims arising from that cause of action.

. Although the complaint did not directly refer to Penal Law § 260.20 (4), we agree with the courts below that Sheehy’s pleadings may fairly be read to encompass a claim for a private right of action resulting from a violation of that provision.

. The statute has since been amended to reflect the change in the legal purchase age from 19 to 21 (L 1985, ch 274, § 5).