*209
 
 OPINION OF THE COURT
 

 Hancock, Jr., J.
 

 Plaintiff was required to pay its employees approximately $6,000 in additional wages and supplements for having failed to pay the prevailing wages, dictated by Labor Law § 220, while performing a work contract for defendant school district. It brought this action seeking to recover that amount from the school district on the ground that the school district, in soliciting bids for the contract, had failed to give notice of the applicable prevailing wages as required by Labor Law § 220-d. Supreme Court dismissed the complaint and the Appellate Division affirmed, holding that, although Labor Law § 220-d applies to school districts, a contractor has no cause of action against a school district for failure to comply with the statute’s notice requirements. We agree.
 

 I
 

 In July of 1983, defendant solicited bids on a contract to paint the cupola, cornice and windows at the Cato-Meridian Middle School; its advertising specifications, however, contained no notice of the prevailing wage requirements. Plaintiff, who had received an invitation, submitted a bid in the amount of $9,280, allegedly based on an estimated $1,080 in materials and $8,200 in labor costs computed on plaintiff’s customary pay rates. It submitted the lowest bid, and defendant awarded it the contract in accord with General Municipal Law § 103.
 

 Subsequently, the State Department of Labor ordered defendant to withhold $7,400.26 from the contract price because plaintiff failed to pay its employees prevailing wages
 
 (see,
 
 Labor Law § 220) and, thus, plaintiff received only $1,879.74 upon completion of the work. After stipulating that its employees were due an additional $5,920.21 in wages and supplements, plaintiff commenced this action seeking recovery of that amount, alleging that defendant’s failure to give notice of the prevailing wage requirements, as mandated by Labor Law § 220-d, was the cause of its damages. Upon defendant’s motion, Supreme Court dismissed the complaint for failure to state a cause of action, and a divided Appellate Division affirmed, relying on its decision in
 
 Williamson Roofing & Sheet Metal Co. v Town of Parish
 
 (139 AD2d 97) for the proposition that there is no private cause of action for anoth
 
 *210
 
 er’s failure to satisfy the notice requirements of section 220-d. We now affirm.
 

 II
 

 The threshold issue is whether Labor Law § 220-d applies to a school district. In pertinent part, section 220-d provides: "The advertised specifications for every contract for the construction, reconstruction, maintenance and/or repair of public work
 
 to which the state, county, town and/or village is a party
 
 shall contain a provision stating the minimum hourly rate of wage which can be paid and the minimum supplement that can be provided * * * to the laborers * * * employed in the performance of the contract * * * and the contract shall contain a stipulation that such laborers, workingmen or mechanics shall be paid not less than such hourly minimum rate of wage and provided supplements not less than the prevailing supplements.” (Emphasis supplied.) Defendant argues that because it is a municipal corporation,
 
 [1]
 
 and not "the state, county, town and/or village”, section 220-d does not apply to it. The Appellate Division panel was unanimous in rejecting that contention and so are we. The statutory scheme of article 8 of the Labor Law in which section 220-d is contained, as well as the legislative history, refutes the district’s constricted reading of the statute.
 

 Article 8 of the Labor Law, of which section 220-d is a part, is entitled "Public Work” and implements the State constitutional requirement that laborers engaged in the performance of a public work be paid prevailing wages
 
 (see,
 
 NY Const, art I, § 17;
 
 see, Matter of Golden v Joseph,
 
 307 NY 62, 67). Section 220 of the Labor Law sets forth the hours, wages and supplements to paid laborers on public works and expressly includes work performed for municipal corporations
 
 (see,
 
 Labor Law § 220). The district concedes that the prevailing wage requirements apply to work contracts it enters, but argues that, because the notice provisions of section 220-d do not expressly apply to municipal corporations, it is not bound by the statute to comply with them. This construction is inconsistent with the legislative history and purpose of section 220-d.
 

 Section 220-d of the Labor Law, when first enacted, applied only to highway projects
 
 (see,
 
 Mem of State Industrial Commr to Governor, Bill Jacket, L 1933, ch 733 ["(t)he effect
 
 *211
 
 of this bill is to place all competitors for highway construction projects on an equal basis as affects the wages for common labor”]). The statute expressly applied to contracts entered into by the "state, county, town and/or village”, presumably because these were the only public entities engaged in highway construction. In 1934, however, article 8 was expanded to include all types of "public work” and the statute was amended to replace the reference to "highway construction” with "public work” (L 1934, ch 747). The legislative history surrounding this amendment is not detailed, but the basic purpose of the bill is evident: "Based on the experience of this Department [of Labor] an amendment is herewith presented to eliminate the restriction of the payment of this hourly rate of wage to highways and extending it to laborers on all public work construction * * * We know of no reason why laborers on highway work should receive a different minimum rate of wage than similar class of help on other public works construction in the same neighborhood”. (Mem of Dept of Labor, Bill Jacket, L 1934, ch 747.)
 

 It is unclear why the terms "state, county, town and/or village” were retained and not expanded to parallel the provisions in Labor Law §220. However, given the manifest purpose of the amendment to extend the prevailing wage requirements to all public works, the retention of the prior terms does not evince a legislative intent to the contrary. Nor has defendant offered any policy reason why section 220-d should not apply to contracts entered into by school districts.
 

 Ill
 

 The determinative question, then, is whether plaintiff is entitled to recover from the school district the amount of additional wages and supplements it was required to pay its employees. Because section 220-d does not explicitly provide for a private cause of action, recovery may be had under the statute only if a legislative intent to create such a right of action is "fairly implied” in the statutory provisions and their legislative history
 
 (Sheehy v Big Flats Community Day,
 
 73 NY2d 629, 633;
 
 see also, CPC Intl. v McKesson Corp.,
 
 70 NY2d 268, 276;
 
 Burns Jackson Miller Summit & Spitzer v Lindner,
 
 59 NY2d 314, 325). Plaintiff argues that it has a cause of action on the ground that section 220-d was specifically intended to benefit contractors bidding on public works projects and because denying recovery would effectively nullify section
 
 *212
 
 220-d. But it is certainly questionable whether the statute’s notice requirement was intended to protect a contractor which, like plaintiff, submits a bid in contravention of the statutorily mandated prevailing wages.
 
 [2]
 
 And even assuming that the statute was intended, in some part, to protect such a contractor and that that purpose would be advanced by recognizing a private right of action on the contractor’s behalf
 
 (cf., Sheehy v Big Flats Community Day, supra,
 
 at 633-634), plaintiffs claim must still fail.
 

 Our decisions have established that the most critical inquiry in determining whether to recognize a private cause of action where one is not expressly provided is whether such action would be consistent with the over-all legislative scheme
 
 (see, Sheehy v Big Flats Community Day, supra,
 
 at 634-635;
 
 CPC Intl. v McKesson Corp., supra,
 
 at 276;
 
 Burns Jackson Miller Summit & Spitzer v Lindner, supra,
 
 at 325). Contrary to plaintiffs argument, we believe that a private cause of action would be incompatible with both the means chosen by the Legislature to enforce article 8 and with the basic purposes underlying the statute. Article 8 authorizes the Department of Labor to direct payment of prevailing wages or supplements found to be due
 
 (see,
 
 Labor Law § 220 [7], [9]), and provides civil and criminal penalties for willful violators of Department orders
 
 (see,
 
 Labor Law § 220 [7-a], [9]). Further, pursuant to Labor Law § 220-d, a person or corporation that willfully pays below the prevailing rate, after entering into a contract where the prevailing wages were advertised and included in the contract, is subject to criminal penalties and,
 
 *213
 
 in certain circumstances, forfeiture of payments under the contract. A private cause of action, which would have the effect of making the public entity financially responsible for the underpayment, is contrary to the unmistakable aim of the entire enforcement scheme to place all liability for violating the prevailing wage requirements upon the noncomplying contractor.
 

 The overriding purpose of section 220-d, intimately tied to that of article 8 as a whole, is set forth in the legislative history. The notice requirements of that section were added to "facilitate the work of the Department [of Labor] in relation to such public works contracts and in addition
 
 to set a known and acceptable minimum rate of wage to be paid workers on such type of work,
 
 that will help to remove the source of strife and certain evils in connection with the carrying on of such contracts” (Dept of Labor, Mem in support, Bill Jacket, L 1934, ch 747 [emphasis added]). To permit the recovery sought by plaintiff would run counter to that basic legislative goal. It would reward a contractor which underpays its employees in violation of section 220 and would, in effect, permit such contractor to amend its bid after completion of the contract at no expense to itself, but to the public entity for which the work was done
 
 (see, Williamson Roofing & Sheet Metal Co. v Town of Parish,
 
 139 AD2d 97, 105;
 
 see also, Associated Bldrs. & Contrs. v City of Rochester,
 
 67 NY2d 854;
 
 Village of Medina v Dingledine,
 
 211 NY 24).
 

 Further, such shifting of the burden from the contractor to the public entity would directly contravene the basic objectives of the competitive bidding process "to assure the prudent and
 
 economical use of public moneys”
 
 and "to facilitate the acquisition of facilities and commodities of maximum quality at the
 
 lowest possible cost”
 
 (General Municipal Law § 100-a [emphasis added]). If public entities, such as the school district here, are required to make additional payment to "low bidders” who fail to take prevailing wages into account when calculating their offers, the intended economies of the competitive bidding process and the resulting protection of the public fisc could seriously be undermined
 
 (see, Associated Bldrs. & Contrs. v City of Rochester, supra,
 
 at 855-856).
 

 In sum, we hold that the notice provisions in Labor Law § 220-d apply to school districts, but that plaintiff does not have an implied private cause of action against the district for
 
 *214
 
 a violation of section 220-d. Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . Both parties agree that defendant school district is a municipal corporation
 
 (see,
 
 1899 Opns Atty Gen 302, 1932 Opns Atty Gen 257).
 

 [2]
 

 . Plaintiff relies on several lower court decisions for the proposition that the statutory framework reflects a legislative intent to protect contractors by giving them foreknowledge of labor costs when bidding on public projects
 
 (see, e.g., Brang Co. v State Univ. Constr. Fund,
 
 47 AD2d 178, 179;
 
 Armco Drainage & Metal Prods. v State of New York,
 
 1 Misc 2d 94, 100). But the overriding purpose of the prevailing wage requirements is to ensure that workers on public projects receive adequate pay
 
 (see, Bucci v Village of Port Chester,
 
 22 NY2d 195, 201); and the related, particular purpose of the notice requirements is to eliminate unfair competitive bidding by nonunion employers who might otherwise submit offers that are artificially low, because based upon worker compensation below the prevailing rates
 
 (see, Matter of Action Elec. Contrs. Co. v Goldin,
 
 64 NY2d 213, 222-223;
 
 Williamson Roofing & Sheet Metal Co. v Town of Parish,
 
 139 AD2d 97, 104). Clearly, neither of these legislative goals — the general or the more particular — suggests an intent to benefit an employer, such as plaintiff, which obtains a public works contract by submitting a bid calculated on illegally low employee wages.