Cynthia A. DELEU, Plaintiff,

v.

Frances G. SCAIFE, Defendant.

No. 90 Civ. 2132 (DNE).

United States District Court,
S.D. New York.

Oct. 24, 1991.

Richards Spears Kibbe & Orbe, New York City (David Spears, of counsel), for plaintiff.

Friedman & Kaplan, New York City (Robert D. Kaplan and Hal Neier, of counsel) for defendant.

## OPINION & ORDER

EDELSTEIN, District Judge:

### BACKGROUND

This action arises out of defendant's alleged failure to make certain payments on behalf of her employee, Jose A. Deleu, as required by federal and state law. Because Mr. Deleu has died since initiating this action, his sister-in-law Cynthia Deleu is now prosecuting this action as executrix of his will. While the parties provide contrasting accounts of the circumstances surrounding the termination of Mr. Deleu's employment, the genesis of this conflict does not appear to be in dispute. Plaintiff alleges that from approximately September 1983 through December 1989, Mr. Deleu worked as a domestic servant in defendant's Fifth Avenue apartment. In this capacity, he cleaned and maintained the apartment, prepared meals for defendant's family and generally attended to the family's needs. Between May and December 1989, Mr. Deleu experienced various physical ailments that kept him out of work. In November 1989, Mr. Deleu was diagnosed as having the AIDS virus. Defendant dismissed Mr. Deleu the following month.

For at least a portion of Mr. Deleu's employment, defendant admittedly failed to pay on Mr. Deleu's behalf federal social security taxes, and also failed to remit payments to the unemployment insurance fund as required under the New York Labor Law. In addition, defendant failed to purchase insurance for Mr. Deleu's benefit as required by the New York Workmen's Compensation Law.

Plaintiff further alleges, though the allegation is denied, that defendant informed Mr. Deleu that she did not have to furnish him with a W–2 statement of earnings because he did not earn enough money to pay taxes. Plaintiff alleges that in reliance on this statement, Mr. Deleu failed to pay income taxes for the next five years. Defendant also contests plaintiff's assertion that she knew of her obligations to make the required payments under federal and New York law, and also knew that she had to furnish the W–2 form, but wilfully failed to comply with the laws. In addition, defendant contends that she has now made all payments and has furnished all required W–2 forms.

## PROCEDURAL HISTORY

In March 1990, Mr. Deleu commenced a lawsuit in New York State Supreme Court that alleged five causes of action, including claims for: (1) earned but unpaid overtime salary; (2) unpaid vacation time; (3) breach of contract and breach of the covenants of good faith and fair dealing due to defendant's failure to make various payments required under state and federal law; (4) breach of fiduciary duty due to defendant's failure to make these payments; and (5) unlawful discharge under the New York State Human Rights Law on the grounds that defendant fired Mr. Deleu because he contracted AIDS. Defendant then removed the case to the United States District Court for the Southern District of New York on diversity grounds.

Plaintiff subsequently filed an amended verified complaint that was identical to the original complaint, except that it also asserted a claim for damages due to supposedly fraudulent misrepresentations made by defendant to Mr. Deleu concerning both Mr. Deleu's tax liability and defendant's obligation to provide him with a W–2 form; in addition, the complaint asserted a claim for damages based on defendant's violation of the federal tax laws. Finally, Mr. Deleu abandoned the AIDS discrimination claim.

Defendant has moved to dismiss all causes of action, except those that state claims for overtime and vacation pay, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. In the alternative, defendant has moved for summary judgment on these causes of action pursuant to Rule 56. This Court has ruled that the parties could not conduct discovery until it decided defendant's motion.

In her memorandum of law in opposition to defendant's motion ("Plaintiff's Memo."), plaintiff states that she does not oppose the motion as to the Fifth and Sixth causes of action, which concern the fraudulent misrepresentation claim and the claim of breach of fiduciary duty premised upon that misrepresentation. *See* Plaintiff's Memo. at 10. In addition, pursuant to Rule 41(a)(2), plaintiff has requested that this Court dismiss the First and Fourth causes of action, which concern vacation and overtime pay. Accordingly, the First, Fourth, Fifth and Sixth causes of action of plaintiff's amended complaint are dismissed.

Therefore, this Court will consider defendant's motion only as it relates to the Second, Third and Seventh causes of action, which assert claims for: (1) breach of contract based upon defendant's failure to make payments on Mr. Deleu's behalf as required by federal and state law; (2) breach of fiduciary duty based upon failure to make these payments; and (3) damages based upon defendant's supposedly willful failure to comply with federal and state tax laws.

## DISCUSSION

### I. *Breach of Contract and Breach of Fiduciary Duty*

#### A. Motion to Dismiss under Rule 12(b)(6)

■ Under a Rule 12(b)(6) standard, courts "view all facts and allegations in the

complaint in the light most favorable to" the plaintiff. *Juster Assoc. v. City of Rutland,* 901 F.2d 266, 269 (2d Cir.1990). Moreover, courts must liberally construe allegations in the complaint and deny the motion " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.' " *Rauch v. RCA Corp.,* 861 F.2d 29, 30 (2d Cir.1988) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

### 1. Breach of Contract

■ Plaintiff's Second cause of action asserts a claim for breach of contract on the theory that defendant breached the duties of fair dealing and good faith by failing to make payments required by federal and state law. It is well settled that

> in every contract there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract, which means that there exists an implied covenant of good faith and fair dealing.

*Kirke LaShelle Co. v. Armstrong Co.,* 263 N.Y. 79, 87, 188 N.E. 163 (1933); *see Filner v. Shapiro,* 633 F.2d 139, 143 (2d Cir.1980) (contracting party cannot engage in conduct that will "deprive the other party of the benefits of their agreement"). Plaintiff has alleged that defendant breached this covenant by failing to make statutorily required payments on Mr. Deleu's behalf. Defendant has not cited, nor has this Court found, any decision that bars such a claim. While defendant's memoranda of law attack the claim on the merits, this Court cannot assess the merits of the claim under a 12(b)(6) standard. While hardly a model of precise pleading and possessing suspect substantive value, the complaint states a claim upon which this Court may grant relief. Accordingly, defendant's motion to dismiss the Second cause of action of the amended complaint is denied.

### 2. Breach of Fiduciary Duty

■ Similarly, plaintiff has alleged that defendant's failure to make payments under federal and state statutes breached a fiduciary duty owed to Mr. Deleu. While defendant attacks this claim on the grounds that Mr. Deleu did not enjoy a fiduciary relationship with defendant, this Court cannot resolve such a dispute on a motion to dismiss. It is by no means clear that an employer and employee can never stand in a fiduciary relationship to one another. "New York law is clear that a fiduciary relationship exists from the assumption of control and responsibility, and is founded upon trust reposed by one party in integrity and fidelity of another." *Beneficial Commercial Corp. v. Murray Glick Datsun, Inc.,* 601 F.Supp. 770, 772 (S.D.N.Y.1985). Plaintiff has alleged sufficient facts to suggest such a relationship, and thus, this Court cannot grant defendant's motion to dismiss. Accordingly, defendant's motion to dismiss the Third cause of action of the amended complaint is denied.

### B. Summary Judgment Motion under Rule 56

■ "It is well settled that a court should grant a motion for summary judgment only if the evidence, viewed in the light most favorable to the party opposing the motion, presents no genuine issue of material fact." *Cable Science Corp. v. Rochdale Village, Inc.,* 920 F.2d 147, 151 (2d Cir.1990); *see United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). The Supreme Court has noted that whether an issue is genuine and material for purposes of summary judgment is decided under the directed verdict standard: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) ("court may grant summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial.").

Furthermore, the Second Circuit has stated that "summary judgment should rarely be granted ... when the plaintiff has not had an opportunity to resort to discovery procedures." *Schlesinger Inv. Partnership v. Fluor Corp.*, 671 F.2d 739, 743 (2d Cir.1982); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980). In addition, summary judgment is rarely appropriate in contract actions where the intent of the parties is in issue. *See National Union Fire Ins. Co. v. Turtur*, 892 F.2d 199, 205 (2d Cir.1989).

Plaintiff's claim that defendant breached the covenants of good faith and fair dealing withstand defendant's summary judgment motion. The issue of whether making the required federal and state payments was an integral aspect of the contractual relationship between defendant and Mr. Deleu is a question of intent that cannot be resolved on summary judgment. Furthermore, discovery is required to clarify the matter. While this Court doubts that making these payments will prove an essential part of the parties' agreement, it is constrained to deny defendant's motion for summary judgment on the Second cause of action at this stage because the issue of intent is not resolved and further discovery must be completed.

Similarly, the question of whether Mr. Deleu and defendant enjoyed a fiduciary relationship, although this court doubts that such a relationship existed, is resolved only by assessing the intent and understanding of the parties. In *Walker v. Time Life Films, Inc.*, 615 F.Supp. 430, 440 (S.D.N.Y.1985), *aff'd*, 784 F.2d 44 (2d Cir.), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 721 (1986), the court noted that "actionable claims for breach of confidential and fiduciary relationships are centered on breach of an agreement between the parties, or breach of trust they place in each other because of the nature of their

relationship." Because this is a disputed issue that can only be resolved by further discovery, defendant's motion for summary judgment on the Third cause of action is denied.

## II. Defendant's Violation of Federal and State Laws

Plaintiff asserts that because defendant intentionally failed to make payments required by federal and state law, defendant violated penal laws and thereby caused tortious injury to Mr. Deleu.[1] The parties dispute whether Mr. Deleu sustained damages as a result of the delinquent payments; such a disagreement is irrelevant, however, because this Court finds that the failure to make these payments does not create a private cause of action. Accordingly, defendant's motion to dismiss is granted as to plaintiff's Seventh cause of action.

Plaintiff's amended complaint bases the Seventh cause of action solely on federal law. Specifically, plaintiff asserts that defendant violated 26 U.S.C. §§ 7201, 7202 and 7204 by failing to pay federal FICA and unemployment taxes on Mr. Deleu's behalf, by failing to withhold taxes due from Mr. Deleu, and by failing to furnish Mr. Deleu with a W–2 statement. Plaintiff's memorandum of law in opposition to defendant's motion, however, disavows reliance on federal law and instead insists that defendant's failure to make payments required by state law constituted criminal conduct and gives rise to a tort cause of action. *See* Plaintiff's Memo. at 13–14. Plaintiff's claim is without merit in either case.

This Court need not consider whether Congress intended to imply a private right of action for violations of either 26 U.S.C. § 7201, § 7202 or § 7204 because plaintiff does not oppose defendant's motion to dismiss on this point. It bears noting, however, that plaintiff did not cite and this Court did not find any evidence that Con-

---

**1.** While plaintiff's memorandum of law attempts to premise this claim on state, rather than federal law, the result is identical in either case. Plaintiff cannot assert a private cause of action based upon defendant's failure to make employment-related tax payments under either federal or state law.

gress intended to imply a private remedy for violations of these sections of the federal tax law. Courts will imply a private remedy only where they find that Congress intended such a result. *See Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 377–78, 102 S.Ct. 1825, 1838–39, 72 L.Ed.2d 182 (1982); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575, 99 S.Ct. 2479, 2488–89, 61 L.Ed.2d 82 (1979). In *Turner v. Unification Church*, 473 F.Supp. 367, 376–77 (D.R.I.1978), *aff'd*, 602 F.2d 458 (1st Cir. 1979), the court refused to find a private cause of action under the federal tax laws because enforcement of the tax code has always been a public function. In addition, the legislative history does not indicate Congress' intention to provide a private remedy. *See id.; Noble v. Arabian Am. Oil Co.*, No. 83–1218 (D.Mass. Dec. 28, 1983).

▇▇▇ Plaintiff's attempt to assert a cause of action under New York law due to defendant's failure to make certain statutorily required payments is equally unpersuasive. While plaintiff couches her claim in the language of tort, she asks this Court to grant damages based upon defendant's violations of employment-related tax laws, found in the New York Workmen's Compensation Law and the New York Labor Law. Plaintiff cannot change the nature of her claim merely by calling it a tort; her claim is one for damages based upon violations of statutes that do not expressly create a private cause of action and this Court finds no basis for implying a private remedy for violations of these laws.

In *Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 N.Y.2d 314, 464 N.Y.S.2d 712, 451 N.E.2d 459 (1983), the Court of Appeals adopted what is now the governing standard for determining when courts may imply a private remedy under a statute. Courts may imply a private remedy for violations of New York law only when plaintiff is "one of the class for whose especial benefit the statute was enacted," the legislative history reveals an intent to create a private remedy and "most importantly, [when implying a pri-

vate remedy is consistent] with the purposes underlying the legislative scheme." *Burns*, 464 N.Y.S.2d at 716, 451 N.E.2d at 463. New York courts have declined to imply a private remedy for violations of the Labor law. *See Brian Hoxie's Painting Co. v. Cato–Meridian Cent. School Dist.*, 76 N.Y.2d 207, 557 N.Y.S.2d 280, 282, 556 N.E.2d 1087, 1089 (1990); *Stoganovic v. Dinolfo*, 92 A.D.2d 729, 461 N.Y.S.2d 121 (4th Dep't 1983), *aff'd*, 61 N.Y.2d 812, 473 N.Y.S.2d 972, 462 N.E.2d 149 (1984).

Like the federal employment-related tax laws, New York's statutes are revenue production laws and were not enacted for plaintiff's benefit. In addition, plaintiff has not provided any evidence that the New York Legislature intended to create a private remedy for violations of these laws. Finally, and most importantly according to the Court of Appeals, the laws contain a comprehensive enforcement scheme that would not be furthered by permitting private enforcement. *See Sheehy v. Big Flats Community Day, Inc.*, 73 N.Y.2d 629, 543 N.Y.S.2d 18, 21, 541 N.E.2d 18, 18 (1989). The Commissioner of Labor is empowered to enforce the statute through an expedited civil action. Thus, even were the statute enacted for plaintiff's benefit, allowing a private remedy is unnecessary because the Commissioner can enforce the law and collect delinquent payments with greater efficiency then could a private plaintiff.

In support of her claim, plaintiff cites two cases decided before the Court of Appeals rendered its decision in *Burns Jackson* that find liability based on a violation of state criminal statutes. This Court concedes, however, that the same conduct that constitutes criminal behavior may also give rise to a tort cause of action under New York law. In the instant action, for instance, defendant's conduct did at one point transgress criminal statutes and may also have constituted a breach of contract. In contrast, plaintiff's Seventh cause of action is one for damages *under* New York's tax laws; plaintiff articulates no alternative theory of liability, but rather rests this claim solely on statutory violations. To sustain such an action, this Court must

**718**

imply a private remedy because the state laws are silent on the availability of a private remedy. *See* New York Labor Law § 560 (McKinney 1988); New York Workmen's Compensation Law § 209 *et seq.* (McKinney 1965). Having considered both the *Burns Jackson* analysis and previous decisions by New York courts, this Court concludes that plaintiff does not have a private remedy for violations of the relevant New York statutes. Accordingly, under either a Rule 12(b)(6) or Rule 56 standard, plaintiff's Seventh cause of action is without merit and is dismissed.

## CONCLUSION

Defendant's motion to dismiss, or in the alternative, for summary judgment on the Second and Third causes of action of the amended complaint is denied. Defendant's motion to dismiss the Seventh cause of action of the amended complaint is granted and the claim is dismissed. Plaintiff has failed to oppose defendant's motion to dismiss the Fifth and Sixth causes of action of the amended complaint and these claims are dismissed. Pursuant to Rule 41(a)(2) plaintiff has moved to dismiss the First and Fourth causes of action of the amended complaint and these claims are dismissed.

SO ORDERED.