■ NEW YORK SURETY COMPANY, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [633 NYS2d 16] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered May 10, 1995, which denied plaintiff's motion for injunctive and declaratory relief and granted defendants-respondents' cross-motion to dismiss the proceeding, unanimously affirmed, without costs.

The court properly found that plaintiff surety was obligated to perform under the express and unambiguous terms of its payment and performance bonds (*see, People v Backus*, 117 NY 196, 201). Neither the validity of the underlying contract nor plaintiff's obligation to perform is affected by the sufficiency of the underlying contractor's bid to cover the payment of prevailing wages. The municipal defendants certainly had no responsibility to ensure that the contractor was in a position to profit from its bid (*see, Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.*, 76 NY2d 207, 213). Nor was the City obligated to notify plaintiff that the contractor's bid might not have been calculated to cover payment of prevailing wages (*see, Heating Maintenance Corp. v City of New York*, 129 NYS2d 466, 470).

The court also properly denied, as premature, injunctive relief to prevent the City from refusing to accept future surety bonds (*see, Prashker v United States Guar. Co.*, 1 NY2d 584, 592). We also note plaintiff did not demonstrate a likelihood of success on the merits, irreparable harm, and a balance of the equities in its favor to justify injunctive relief (*see, Aetna Ins. Co. v Capasso*, 75 NY2d 860). Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Tom, JJ.