OPINION OF THE COURT
 

 Levine, J.
 

 The narrow issue presented by this appeal is whether Social Services Law § 460-d grants residents of an adult care facility subject to Department of Social Services supervision a private right of action to seek the appointment of a temporary receiver. Because we agree with the courts below that there is no such right under the statute, we now affirm.
 

 Plaintiffs, residents of an adult care facility known as Booth House II, brought an action against the operator, defendant Salvation Army, for the appointment of a temporary receiver
 
 *301
 
 pursuant to Social Services Law § 460-d (5). Defendant had previously submitted a plan to the Department of Social Services to voluntarily surrender its operating certificate and close the facility (see, 18 NYCRR 485.5 [j]). The proposed plan for closure received Department approval and plaintiffs subsequently sought appointment of a receiver to operate the facility during the decertification period.
 

 In pertinent part, the complaint and accompanying order to show cause papers alleged that defendant was failing to comply with its obligations in connection with the closing of the facility, specifically, the obligation to relocate residents to appropriate settings and to maintain the safety and health standards set forth in the Social Services Law. In the order to show cause plaintiffs moved for appointment of a temporary receiver and other injunctive relief; defendant cross-moved to dismiss the complaint for failure to state a cause of action. Supreme Court granted defendant’s motion and, as pertains to this appeal, held that Social Services Law § 460-d does not expressly or impliedly authorize facility residents to seek the remedy of a temporary receivership.
 
 [1]
 
 The Appellate Division affirmed, agreeing with Supreme Court that an implied right of action for such relief would be "entirely inconsistent with the purposes, mechanism and the underlying legislative and statutory enforcement scheme” (217 AD2d 420).
 

 At the time this action commenced, Social Services Law § 460-d (5) provided:
 

 "The supreme court may grant equitable relief against violations or threatened violations of this article or of the regulations of the [Department of Social Services] by any facility subject to the inspection and supervision of the department. The attorney general may seek such equitable relief, in the name of the people, upon the request of the department. * * * The court, after a hearing, may make an order granting such equitable relief as it may deem necessary, including, but not limited to * * * appointment of a temporary or permanent receiver for the protection of the public health or the health, safety and welfare of any individual in such facility.”
 

 
 *302
 
 Manifestly, the statute does not expressly confer on residents such as plaintiffs the right to seek appointment of a receiver, as only the Department of Social Services and the Attorney-General are mentioned
 
 (id.
 
 ["The attorney general may seek such equitable relief * * * upon the request of the department.”]). Thus, plaintiffs may seek such relief "only if a legislative intent to create such a right of action is 'fairly implied’ in the statutory provisions and,their legislative history”
 
 (Hoxie’s Painting Co. v Cato-Meridian Cent. School Dist.,
 
 76 NY2d 207, 211, citing
 
 Sheehy v Big Flats Community Day,
 
 73 NY2d 629, 633). This inquiry involves three factors:
 

 "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme”
 
 (Sheehy v Big Flats Community Day, supra,
 
 73 NY2d, at 633).
 

 The third factor, which is generally the "most critical”
 
 (Hoxie’s Painting Co. v Cato-Meridian Cent. School Dist., supra,
 
 76 NY2d, at 212), is determinative of this appeal since we conclude that permitting residents to seek appointment of a temporary receiver to operate the facility would be inconsistent with both the enforcement means chosen by the Legislature and the basic purposes underlying Social Services Law § 460-d
 
 (see, Hoxie’s Painting Co. v Cato-Meridian Cent. School Dist., supra,
 
 at 212).
 

 Article 7 of the Social Services Law governs the operation of residential care programs for adults and children, including residences for adults such as Booth House II.
 
 [2]
 
 The current extensive regulatory scheme was intended to give the Department of Social Services "comprehensive responsibility” for the administration and supervision of residential care facilities, which had previously been shared by a number of State agencies (s
 
 ee,
 
 Social Services Law § 460 [statement of purpose];
 
 see also,
 
 Governor’s Mem approving L 1977, ch 669, 1977 NY Legis Ann, at 216). In addition to granting the Department considerable supervisory authority, section 460-d of article 7 endows the Commissioner of Social Services with broad enforcement
 
 *303
 
 powers to ensure proper care and treatment of residents, including the power to investigate facilities (with all the attendant powers available to court-appointed Referees); to issue orders directing the management of a facility to rectify health and safety violations; to revoke, suspend or limit a facility’s operating certificate; and to assess civil penalties for violations of Department regulations and orders (Social Services Law § 460-d [1], [2], [4], [7], [8], [9]; see
 
 also,
 
 18 NYCRR 485.5 [j] [5] [facility that obtains Department approval to voluntarily surrender its operating certificate may be subject to civil penalties for failure to comply with the approved decertification plan]).
 
 [3]
 

 In addition to these specific statutory enforcement powers, subdivision (5) of section 460-d provides the Department access to court-ordered equitable remedies, including the appointment of a receiver
 
 (see also,
 
 Social Services Law § 461-f [3] [Department may seek receivership appointment when it revokes or suspends facility operator’s operating certificate]). Because the replacement of a certified operator with a court-appointed receiver violates the statutory requirement that adult care facilities be managed only by operators issued a valid operating certificate
 
 (see,
 
 Social Services Law §§ 460-b, 461-b [2]), the Department is given
 
 discretionary
 
 authority in such circumstances to authorize the continuing operation of the facility under the receivership
 
 (see,
 
 Social Services Law § 461-f).
 

 Thus, in the heavily regulated arena of adult care facilities, statutory enforcement authority under section 460-d is expressly vested only in the Department, with additional equitable enforcement remedies available "upon the request of the [Department” through the Attorney-General (Social Services Law § 460-d [5]). It would be particularly inappropriate under these circumstances to imply a private cause of action to seek appointment of a temporary receiver to operate the facility, a remedy that affects the rights of other residents in addition to the plaintiffs seeking such relief.
 

 "[T]he Legislature has both the right and the authority to select the methods to be used in effectuating its goals, as well as to choose the goals themselves. Thus, regardless of its consistency with
 
 *304
 
 the basic legislative goal, a private right of action should not be judicially sanctioned
 
 if it is incompatible with the enforcement mechanism chosen by the
 
 Legislature”
 
 (Sheehy v Big Flats Community Day, supra,
 
 73 NY2d, at 634-635 [emphasis supplied]).
 

 Recent amendments to this statutory scheme confirm this conclusion. Subdivision (5) of section 460-d was amended as part of a three-bill package in 1994 to add another equitable remedy — an order directing the facility operator to transfer its records to the Department — and prefatory language indicating that the court-ordered equitable relief available under subdivision (5) is ”[i]n addition to or as an alternative to any power which the [Department may exercise under this article” (L 1994, ch 733, § 3).
 

 As part of the same bill package, the Legislature expressly authorized residents and their representatives to bring private actions for breach of a statutory warranty of habitability as well as violations of the written admission agreements (L 1994, ch 734, § 1 [enacting a new subdivision (2-a) of Social Services Law § 461-c]). The creation of this specific civil remedy, an action personal to each resident, provides further evidence that a private right of action for appointment of a receiver under section 460-d (5) was not intended
 
 (see, CPC Intl. v McKesson Corp.,
 
 70 NY2d 268, 282;
 
 accord, Varela v Investors Ins. Holding Corp.,
 
 81 NY2d 958, 961 [absence of private right of action in particular statute is indicative of legislative intent not to create implied private right of action where such action is expressly provided in an analogous enforcement statute],
 
 rearg denied
 
 82 NY2d 706). Thus, we reject plaintiffs’ argument that the 1994 amendment to subdivision (5) of section 460-d was intended to give
 
 others
 
 (such as residents)
 
 in addition to the Department
 
 the right to maintain a private right of action for the statutory equitable remedy sought here.
 

 In sum, because it would be inconsistent with the statutory enforcement scheme to imply a private right of action in favor of plaintiff residents for appointment of a temporary receiver under Social Services Law § 460-d, the cause of action seeking such relief was properly dismissed.
 
 Henry v Isaac
 
 (214 AD2d 188), upon which plaintiffs place heavy reliance, provides no support for their position as it does not address the remedy sought here. Moreover, the Court’s conclusion in that case that the Legislature intended a general statutory private right of action is undercut by the recent amendment which provides for specific and more narrowly drawn private actions.
 

 
 *305
 
 The issue of the existence of any alternative remedy available to plaintiffs in the absence of remedial action sought by the Department is not properly before us. Plaintiffs’ remaining contentions are unpreserved or without merit.
 

 Accordingly, the order of the Appellate Division insofar as appealed from should be affirmed, without costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 Order, insofar as appealed from, affirmed, without costs.
 

 [1]
 

 . Supreme Court also dismissed plaintiffs’ second cause of action seeking a declaration that one of the plaintiffs was entitled to the protection of the rent stabilization law. The dismissal of that claim is not before us.
 

 [2]
 

 . A residence for adults is an adult care facility that provides long-term residential care to adults who are unable to live independently (18 NYCRR 485.2 [d]). Other types of adult care facilities include family-type homes and shelters for adults (18 NYCRR 485.2 [a]).
 

 [3]
 

 . With respect to certain residential care facilities for children, these enforcement powers are vested in other State agencies, such as the Division for Youth and the Department of Mental Hygiene (see, Social Services Law § 462-b).