■ HAROON RASHID, Individually and on Behalf of Others Similarly Situated, Appellant, v B. TAXI MANAGEMENT INC., Respondent. [967 NYS2d 380]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered August 17, 2012, which granted defendant's motion to dismiss the first cause of action without prejudice, and the second, third, fourth and fifth causes of action with prejudice, unanimously modified, on the law, to grant the motion as to the first cause of action with prejudice, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff is a taxi driver who leased a medallion from defendant, allegedly pursuant to an oral agreement. He alleges that

defendant overcharged him on his weekly lease, which was subject to an $800 cap (*see* Rules of City of NY Taxi and Limousine Commn [TLC] [35 RCNY] § 58-21 [c] [4] [ii]). He alleges that defendant imposed, and collected weekly, certain additional charges that are not permitted (*see* 35 RCNY 58-21 [c] [5]), over and above the $800 medallion lease fee that defendant was already collecting from him.

Plaintiff's fourth and fifth causes of action allege that the overcharges violated the lease cap rule (35 RCNY 58-21 [c] [4]) and a 5% credit card withholding surcharge rule (35 RCNY 58-21 [f] [3]). Upon review of the TLC's legislative scheme and detailed self-enforcement provisions, we conclude that plaintiff has no private right of action and therefore cannot assert these causes of action (*see Sheehy v Big Flats Community Day*, 73 NY2d 629, 633-634 [1989]).

Plaintiff's first and second causes of action allege that he entered into an oral lease agreement with B. Taxi Management Inc. and that B. Taxi breached the agreement by charging him a vehicle expense fee of $200 weekly in excess of his $800 lease payment. However, it appears that plaintiff couched his claims of TLC violations in terms of breach of contract to circumvent the absence of a private right of action. In any event, the alleged overcharge, which plaintiff paid, was included in the alleged oral lease agreement or was outside the terms of the agreement, and either way there is no basis for a breach of contract cause of action.

The existence of plaintiff's alleged oral lease agreement precludes his unjust enrichment (third) cause of action (*see Pappas v Tzolis*, 20 NY3d 228, 234 [2012]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Acosta, Saxe and Freedman, JJ.