Eskenazi-McGibney v Connetquot Cent. Sch. Dist. (2018 NY Slip Op 08467)





Eskenazi-McGibney v Connetquot Cent. Sch. Dist.


2018 NY Slip Op 08467


Decided on December 12, 2018


Appellate Division, Second Department


Brathwaite Nelson, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-08723
 (Index No. 11449/15)

[*1]Joshua Eskenazi-McGibney, et al., respondents,
v
Connetquot Central School District, et al., appellants.



APPEAL by the defendants Connetquot Central School District, Alan B. Groveman, and Gregory J. Murtha, and SEPARATE APPEAL by the defendants Eastern Suffolk BOCES, Nancy Smalling, and Roberta Kempf, in an action, inter alia, to recover damages for negligence and an alleged violation of the Dignity for All Students Act, from an order of the Supreme Court (Ralph T. Gazzillo, J.), dated April 18, 2016, and entered in Suffolk County. The order, insofar as appealed from, denied those branches of the defendants' respective motions which were pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging a violation of the Dignity for All Students Act insofar as asserted by the plaintiff Joshua Eskenazi-McGibney, and denied those branches of the motion of the defendants Connetquot Central School District, Alan B. Groveman, and Gregory J. Murtha which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action to recover damages for negligent supervision, negligent retention, and negligent performance of a governmental function insofar as asserted against them by the plaintiff Joshua Eskenazi-McGibney.



Devitt Spellman Barrett, LLP, Smithtown, NY (Joshua Shteierman and John M. Denby of counsel), for appellants Connetquot Central School District, Alan B. Groveman, and Gregory J. Murtha.
Sokoloff Stern LLP, Carle Place, NY (Adam I. Kleinberg of counsel), for appellants Eastern Suffolk BOCES, Nancy Smalling, and Roberta Kempf.
Scott Michael Mishkin, P.C., Islandia, NY (Kyle T. Pulis of counsel), for respondents.



BRATHWAITE NELSON, J.


OPINION & ORDER
The instant appeals provide us with an occasion to consider whether the Dignity for All Students Act (Education Law § 10 et seq.; hereinafter DASA) creates a private right of action in favor of a student injured by a school's failure to enforce its policies prohibiting discrimination and harassment. We hold that it does not.
I. Factual and Procedural Background
The plaintiffs commenced this action against the defendants alleging that the plaintiff Joshua Eskenazi-McGibney (hereinafter Joshua) sustained mental and emotional injuries as a result of, among other things, the defendants' negligent supervision of its students, negligent retention of certain employees, and violation of DASA. The plaintiffs allege that as a learning-disabled high school student attending Connetquot High School and Eastern Suffolk BOCES (hereinafter BOCES), Joshua was repeatedly bullied and harassed by a fellow student, including multiple physical assaults [*2]and death threats. The assaults and threats allegedly occurred at the high school, at BOCES, on the school bus, and on a school trip. The plaintiffs, Joshua and his parents, allege that they repeatedly made complaints to the school district and BOCES teachers and officials, and that they received assurances that the matter would be dealt with, but the other student was not disciplined and the bullying and harassment continued.
The defendants BOCES, Nancy Smalling, and Roberta Kempf (hereinafter collectively the BOCES defendants) moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging a violation of DASA insofar as asserted against each of them on the ground that DASA does not provide for a private right of action. The defendants Connetquot Central School District (hereinafter the District), Alan B. Groveman, and Gregory J. Murtha (hereinafter collectively the District defendants) separately moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the DASA cause of action insofar as asserted against each of them on the same ground, to dismiss the negligent supervision and negligent performance of a governmental function causes of action insofar as asserted against each of them on the grounds that the alleged incidents occurred outside of the District's authority and that no level of supervision could have prevented the alleged incidents, and to dismiss the negligent retention cause of action insofar as asserted against each of them on the ground that it was insufficiently pleaded. In the order appealed from, the Supreme Court, inter alia, denied these branches of the defendants' respective motions insofar as the causes of action are asserted by Joshua. The BOCES defendants appeal and the District defendants separately appeal.
II. Legal Analysis
A. DASA
DASA prohibits discrimination, harassment, and bullying by public school employees or students on school property or at a school function (see Education Law § 12). It requires school districts to create policies, procedures, and guidelines intended to create a school environment that is free from harassment, bullying, and discrimination, including guidelines "relating to the development of measured, balanced and age-appropriate responses to instances of harassment, bullying or discrimination by students" (Education Law § 13[4]).
DASA does not expressly provide for civil damages to a student who has been the victim of such harassment, bullying, or discrimination. Thus, an injured student can seek civil relief based on a violation of DASA only if a private right of action may be fairly implied in the statutory provisions and their legislative history (see Carrier v Salvation Army, 88 NY2d 298, 302; Brian Hoxie's Painting Co. v Cato-Meridian Cent. School Dist., 76 NY2d 207, 211; Sheehy v Big Flats Community Day, 73 NY2d 629, 633). A private right of action "may be fairly implied when (1) the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) recognition of a private right of action would promote the legislative purpose of the governing statute; and (3) to do so would be consistent with the legislative scheme" (Pelaez v Seide, 2 NY3d 186, 200; see McLean v City of New York, 12 NY3d 194, 200; Uhr v East Greenbush Cent. School Dist., 94 NY2d 32, 38; Sheehy v Big Flats Community Day, 73 NY2d at 633). The third factor is generally the most critical because "the Legislature has both the right and the authority to select the methods to be used in effectuating its goals, as well as to choose the goals themselves. Thus, regardless of its consistency with the basic legislative goal, a private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the Legislature or with some other aspect of the over-all statutory scheme" (Sheehy v Big Flats Community Day, 73 NY2d at 634-635; see Carrier v Salvation Army, 88 NY2d at 302; Brian Hoxie's Painting Co. v Cato-Meridian Cent. School Dist., 76 NY2d at 212).
A review of DASA's legislative history shows that finding a private right of action under the act would be inconsistent with the legislative scheme. As noted above, DASA requires school districts to create and implement certain policies, procedures, and guidelines aimed at creating an educational environment in which children can thrive free of discrimination and harassment (see Education Law §§ 10, 13). In a letter to the Governor, Senator Thomas Duane described DASA as focusing "on the education and prevention of harassment and discrimination before it begins rather than punishment after the fact" (Senate Introducer's Letter in Suport, Bill Jacket, L 2010 ch 482 at 7). The letter stated that under the existing regime, school districts were paying "a high cost in civil damages for failure to prevent bullying," thereby suggesting that implementing DASA would [*3]alleviate such costs (id. at 9). Similarly, the Assembly sponsor of the bill also advised the Governor that "the Legislature intends [DASA] to be primarily a preventive, rather than punitive, measure; it should therefore be implemented accordingly, with the emphasis on proactive techniques such as training and early intervention to prevent discrimination and harassment" (Assembly Sponsor's Letter in Support, Bill Jacket, L 2010 ch 482 at 11).
The legislative history plainly demonstrates that the Legislature did not intend to provide for civil damages for a violation of DASA, and that recognizing one would be inconsistent with the legislative scheme (cf. Cruz v TD Bank, N.A., 22 NY3d 61, 72; Schlessinger v Valspar Corp., 21 NY3d 166; Matter of Stray from the Heart, Inc. v Department of Health & Mental Hygiene of the City of N. Y., 20 NY3d 946; Metz v State of New York, 20 NY3d 175; City of New York v Smokes-Spirits.Com, Inc., 12 NY3d 616; McLean v City of New York, 12 NY3d 194; Hammer v American Kennel Club, 1 NY3d 294; Sheehy v Big Flats Community Day, 73 NY2d at 635-636). We therefore agree with the other courts that have considered this issue and find that a private right of action cannot be fairly implied under DASA (see Motta v Eldred Cent. Sch. Dist., 141 AD3d 819; Benacquista v Spratt, 217 F Supp 3d 588, 602-603 [ED NY]; C.T. v Valley Stream Union Free Sch. Dist., 201 F Supp 3d 307, 326-327 [ED NY]; Terrill v Windham-Ashland-Jewett Cent. Sch. Dist., 176 F Supp 3d 101, 108-109 [ED NY]). As recognized by one federal court, DASA does not prevent a student from bringing other statutory claims against a school district, and thus, holding that DASA does not provide a private right of action does not leave students without enforcement mechanisms and remedies (see Terrill v Windham-Ashland-Jewett Cent. Sch. Dist., 176 F Supp 3d at 109). Because there is no private right of action under DASA, the Supreme Court should have granted those branches of the defendants' respective motions which were pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging a violation of DASA insofar as asserted against each of them by Joshua.
B. The negligence causes of action
The Supreme Court properly denied those branches of the District defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the negligent supervision, negligent retention, and negligent performance of a governmental function causes of action insofar as asserted by Joshua. On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (see CPLR 3026). The court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414; Leon v Martinez, 84 NY2d 83, 87-88; Rovello v Orofino Realty Co., 40 NY2d 633, 634). Contrary to the District defendants' contention, the complaint alleges sufficient facts to support the causes of action to recover damages for negligent supervision, negligent retention, and negligent performance of a governmental function (see generally Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302; McLean v City of New York, 12 NY3d at 199; Nevaeh T. v City of New York, 132 AD3d 840, 842; Smith v Poughkeepsie City School Dist., 41 AD3d 579, 580).
Contrary to the defendants' contentions, the negligence causes of action are not barred by the doctrine of exhaustion of administrative remedies. Their reliance on SC v Monroe Woodbury Cent. Sch. Dist. (136 AD3d 650) for a contrary result is misplaced. In that case, the plaintiffs sought to compel a public school to implement certain polices and procedures to prevent bullying and harassment. This Court held that the plaintiffs should have sought relief from the commissioner of education under Education Law § 310(7) in the first instance (see SC v Monroe Woodbury Cent. Sch. Dist., 136 AD3d at 651). By contrast, the plaintiffs here seek damages for the schools' failure to enforce existing policy and for negligence in their supervision of the children in their care, the retention of certain employees, and the performance of a governmental function. Thus, the doctrine of exhaustion of administrative remedies has no application here.
Accordingly, the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' respective motions which were pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging a violation of DASA insofar as asserted by Joshua, and substituting therefor a provision granting those branches of the motions; as so modified, the order is affirmed insofar as appealed from.
BALKIN, J.P., MILLER and CHRISTOPHER, JJ., concur.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' respective motions which were pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging a violation of the Dignity for All Students Act insofar as asserted by the plaintiff Joshua Eskenazi-McGibney, and substituting therefor a provision granting those branches of the motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
ENTER:
Aprilanne Agostino
Clerk of the Court