■ CITY OF ALBANY, Respondent-Appellant, v CENTRAL LOCATING SERVICE, LTD., Defendant, and NIAGARA MOHAWK POWER CORPORATION, Appellant-Respondent. (And a Third-Party Action.) (And Another Related Action.) [644 NYS2d 425] —Casey, J.

Plaintiff commenced this action against defendant Niagara Mohawk (hereinafter NiMo) and defendant Central Locating Service, Ltd. (hereinafter CLS) for damage to an underground fiber-optic cable which plaintiff owns and operates. Plaintiff's complaint alleges that the cable was struck by NiMo's employees while they were drilling a hole for a new power pole, and the complaint further alleges that CLS, who had been hired to mark the location of the underground equipment by New York Telephone Company (hereinafter NYTel), incorrectly did so. As a first cause of action, plaintiff's complaint alleges common-law negligence against both defendants for failing "to properly ascertain the location of [plaintiff's] fiber-optic cable" before drilling the hole and causing the damage. The second cause of action is based on statutory violations and alleges that NiMo violated certain Industrial Code (12 NYCRR ch I, subch A) rules regarding the verification of underground facilities and powered excavating equipment.

In its answer, NiMo denies the material allegations of the complaint and, as affirmative defenses, alleges that plaintiff's damages were caused by its own culpable conduct and that NiMo was relieved from liability pursuant to General Business Law former § 764 (2). NiMo's answer also contains a cross claim against CLS, and NiMo commenced a third-party action against NYTel. Thereafter, NYTel commenced a third-party action against CLS.

NiMo moved and CLS cross-moved for summary judgment dismissing plaintiff's complaint, contending that plaintiff's failure to comply with certain regulations and statutory guidelines was the cause of the damage to plaintiff's fiber-optic cable and that plaintiff could not recover in negligence because its own violations of these regulations and guidelines were substantial. Plaintiff opposed the motion and cross motion.

Supreme Court granted NiMo's motion for summary judgment with respect to plaintiff's second cause of action, but denied NiMo's motion with respect to plaintiff's first cause of action. Supreme Court denied the cross motion of CLS in all respects. NiMo appeals from the denial of its motion for summary judgment with respect to plaintiff's first cause of action and plaintiff cross-appeals from the order that granted NiMo's summary judgment motion with respect to the second cause of action.

Supreme Court properly dismissed plaintiff's second cause of action. NiMo contends that pursuant to General Business Law former § 764 (2) (now codified as General Business Law § 765 [1] [b]), it was plaintiff's responsibility as an operator and municipality to comply with regulatory and statutory requirements and due to plaintiff's failure to comply, plaintiff's second cause of action alleging NiMo's violation of the Industrial Code should be dismissed as a matter of law. Plaintiff does not dispute that it did not comply with the applicable regulations and statutes, including 12 NYCRR 53-2.1 which requires municipalities to establish a central registry of operators (see, General Business Law former § 761 [1]), 12 NYCRR 53-4.1 which requires an operator to register the underground facility, and 12 NYCRR subpart 53-5 which encourages, and now mandates (see, General Business Law § 761), the establishment of a one-call notification system by operators of underground facilities.

Plaintiff admits that it failed to comply with the statutory and regulatory requirements. In opposition to the motion, however, plaintiff contends that the regulations and statutes are inapplicable to it because, although it is an owner of an

underground fiber-optic cable, it is not an "operator". Plaintiff failed to raise this issue before Supreme Court leaving it unpreserved for appellate review (*see, General Motors Acceptance Corp. v Bank of Richmondville*, 203 AD2d 851, 853). However, if the issue was properly raised it is undisputed that although plaintiff's fiber-optic cable is located within NYTel's conduit, the cable is an underground facility which plaintiff operates to interconnect its public safety services (*see,* General Business Law former § 760 [4], [6]).

Plaintiff also argues that inasmuch as NYTel owns the conduit through which plaintiff's fiber-optic cable is located, it was NYTel's responsibility to provide the statutory and regulatory notice to excavators such as NiMo. We find this argument meritless. Assuming that NYTel was required to provide notice, plaintiff was not thereby relieved of its regulatory and statutory obligations. The notice requirement applies to "[e]ach operator" (General Business Law former § 761 [1]), and General Business Law § 765 (1) (b) provides that "penalties * * * shall not apply to an excavator who damages an underground facility due to the failure of the operator to comply with any of the provisions of this article". Plaintiff is not exempt from the statutory notification requirement, and its failure to comply with the requirements of part 53 of the Industrial Code and article 36 of the General Business Law requires dismissal of its statutory claim. Supreme Court properly granted defendant's motion for such relief.

Supreme Court also properly denied NiMo's summary judgment motion on plaintiff's common-law negligence cause of action. Even if plaintiff failed to comply with the applicable regulations, statutes and guidelines, its cause of action for common-law negligence is not barred (*see, Barker v Kallash*, 63 NY2d 19, 24); plaintiff's omissions may be considered on the issue of comparative fault (*see, supra,* at 24). The first cause of action alleges in substance that NiMo failed to ascertain the location of plaintiff's fiber-optic cable and, as a consequence, damaged it in the course of digging a hole for its power pole. These allegations are sufficient to sustain a cause of action in negligence. Accordingly, the order appealed from should be affirmed.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.