Daniel MAGEE, Plaintiff–Appellant,

v.

BOSTON LAND COMPANY MAN-
AGEMENT SERVICES, INC.,
Defendant–Appellee.

No. 03–7438.

United States Court of Appeals,
Second Circuit.

Jan. 26, 2004.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and hereby is AFFIRMED.

Michael G. O'Neill, New York, N.Y., for Appellant.

Thomas P. Halley, Poughkeepsie, N.Y., for Appellee.

Present: KATZMANN, B.D. PARKER, Circuit Judges, and PRESKA,* District Judge.

## SUMMARY ORDER

■ Plaintiff–Appellant Daniel Magee appeals from the judgment of the district court (Charles L. Brieant, *District Judge* ), granting summary judgment to Defendant–Appellee Boston Land Company Management Services, Inc. ("BLC") on Magee's claim that BLC discriminated against him in violation of the Fair Housing Act, 42 U.S.C. § 3604 (2000) (the "Act"). We review the district court's decision *de novo,* construing the evidence in the light most favorable to the non-moving party. *See Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999).

The Act prohibits "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of ... that person." 42 U.S.C. § 3604(f)(2)(A) (2000). Under the Act, "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling" constitutes discrimination. 42 U.S.C. § 3604(f)(3)(B) (2000). "[I]f the reasonable accommodations provision is triggered, a defendant can be required to incur reasonable costs to accommodate a plaintiff's handicap, provided such accommodations *do not* pose an *undue hardship*

or a *substantial burden." Salute v. Stratford Greens Garden Apartments,* 136 F.3d 293, 300 (2d Cir.1998) (internal quotation marks omitted).

With respect to Magee's contention that BLC impermissibly denied his requests for a key to the back door of his building and for a parking space in the lot behind the building, Magee has neglected to submit any medical or other trustworthy documentation establishing that his condition requires him to use the building's back entrance. He has thus failed to show, as required by the Act, that such accommodations are "necessary to afford [him] equal opportunity to use and enjoy [the] dwelling." 42 U.S.C. § 3604(f)(3)(B) (2000).

■ As to Magee's claim that BLC has failed to make reasonable accommodations in response to his requests that his apartment not be entered in his absence and that papers not be slipped under his door, BLC has submitted evidence that Frances Knapp, the property manager, directed BLC employees not to enter Magee's apartment for any reason and to direct all communications to his mailbox. Magee does not contest that Ms. Knapp gave this instruction but argues that it was not sufficient because in August 2001, a flier was slipped under his door notifying him that BLC planned to replace his windows. No reasonable juror could, however, conclude from the fact that a single flier was slipped under Magee's door by an unknown person that BLC's accommodation was inadequate. The evidence also undisputably shows that BLC adequately responded to Magee's concerns about the scheduled window replacement.

Upon consideration, all of Magee's other claims, are also without merit. According-

* The Honorable Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

ly, for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.