In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered May 6, 2011, as granted those branches of the defendant’s motion which were for summary judgment dismissing the first and fifth causes of action and denied those branches of their cross motion which were for summary judgment on the issue of liability on the first and fifth causes of action.
Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant’s *729 motion which were for summary judgment dismissing the first and fifth causes of action, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The defendant was engaged by the plaintiffs to construct an in-ground swimming pool and spa on their property. In early July 2006, after the pool was built and filled with water, but while several items were yet to be completed, the plaintiff John Rush entered the pool and realized that the shallow end of the pool was too shallow and extended too far. He immediately contacted the defendant and made several complaints. After discussions, the defendant agreed to re-excavate the pool to make it deeper and to absorb half of the labor cost associated with the project. The plaintiffs agreed to pay the other half of the labor costs and to pay for a custom vinyl liner.
In late August 2006, the defendant re-excavated the pool, but the plaintiffs did not give final approval on the dimensions of the custom liner. Instead, in early September 2006, the plaintiffs had the unfinished pool inspected by another pool company, Haven Pools, which issued a report citing numerous problems with the pool, including structural conditions and water loss. The defendant continued to seek final approval from the plaintiffs, warning that leaving the pool unfilled could create a “dangerous situation.” The plaintiffs eventually contracted with Haven Pools to build a gunite pool in place of the pool that the defendant had constructed.
The plaintiffs commenced this action, alleging, inter alia, breach of contract, and requesting an award of an attorney’s fee. The defendant moved for summary judgment dismissing the complaint, and the plaintiffs cross-moved for summary judgment on the complaint. The Supreme Court granted the defendant’s motion and denied the plaintiffs’ cross motion. The plaintiffs appeal from so much of the order as granted those branches of the defendant’s motion which were for summary judgment dismissing the first and fifth causes of action and denied those branches of their cross motion which were for summary judgment on the issue of liability on the first and fifth causes of action. We modify.
Contrary to the conclusion of the Supreme Court, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the first cause of action, which sought damages for breach of contract. The defendant’s submissions in support of its motion, including the report issued by Haven Pools which indicated that the work was performed by the de *730 fendant in a less than skillful and workmanlike manner, failed to eliminate all triable issues of fact with respect to the first cause of action (see Corrado v East End Pool & Hot Tub, Inc., 69 AD3d 900, 901 [2010]). The defendant similarly failed to establish, prima facie, its entitlement to judgment as a matter of law dismissing the fifth cause of action, which sought an award of an attorney’s fee (see General Obligations Law § 5-327 [2]). Since the defendant failed to meet its initial burden with respect to those branches of its motion which were for summary judgment dismissing the first and fifth causes of action, the Supreme Court should have denied those branches of its motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]) regardless of the sufficiency of the opposition papers.
The plaintiffs contend that the Supreme Court also erred in denying those branches of their cross motion which were for summary judgment on the issue of liability on the first and fifth causes of action. However, although the plaintiffs established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, expert affidavits, the evidence submitted by the defendant was sufficient to raise a triable issue of fact as to whether the pool constructed by the defendant complied with the parties’ initial agreement and whether the substandard conditions cited by the plaintiffs’ experts were the result of the plaintiffs’ delay during the process of re-excavation. Accordingly, the Supreme Court properly denied those branches of the plaintiffs’ cross motion which were for judgment on the issue of liability on the first and fifth causes of action (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Skelos, J.P., Balkin, Lott and Miller, JJ., concur.