*810 Pursuant to Social Services Law § 461-c (1), “[e]very operator of an adult care facility . . . shall execute with each applicant for admission a written admission agreement, dated and signed by the operator and the parties to be charged, which shall contain the entire agreement of the parties and such other information as department regulations shall require” (Social Services Law § 461-c [1]; see 18 NYCRR 487.5 [d] [1] [i]). “The admission agreement shall, at a minimum . . . enumerate the services, material, equipment and food required by law or regulation” (18 NYCRR 487.5 [d] [6] [iii]).
The plaintiffs are persons with disabilities who are, or were, residents of an adult care facility operated by the defendants in Staten Island. The written admission agreement that each plaintiff entered into with the defendants recited that the “facility is an adult care facility providing lodging, board, housekeeping, personal care and supervision services to the resident in accordance with New York State Social Services Law and the Regulations of the New York Department of Social Services.” Each agreement provided that “[t]he resident . . . agree[s] to pay and the operator agrees to accept the [specified payment amount] in full satisfaction of the services which the operator must provide according to law and regulation.”
In 2007, the plaintiffs commenced this action, asserting three causes of action. The first cause of action alleged that the defendants breached the written admission agreements by, inter alia, failing to provide adequate telephone service in accordance with the regulations of the New York State Department of Social Services (hereinafter the Department). The applicable regula *811 tion provides that “[a] 11 facilities shall . . . have at least one telephone available for outside calls for every 40 residents or portion thereof’ (18 NYCRR 487.11 [1] [15]). The second cause of action alleged that the failure to provide the required level of telephone service breached the statutory warranty of habitability (see Social Services Law § 461-c [2-a] [a]). The third cause of action alleged that the defendants discriminated against the plaintiffs on account of their disabilities, in violation of the federal Fair Housing Act (42 USC § 3601 et seq.). The plaintiffs alleged that they sustained damages as a result of these violations and sought, inter alia, compensatory and injunctive relief.
The defendants moved for summary judgment dismissing the complaint. In support of their motion, they argued, among other things, that the Social Services Law did not provide the plaintiffs with a private right of action to enforce their admission agreements or the statute’s implied warranty of habitability. Further, the defendants submitted evidence that additional telephones had been installed subsequent to the commencement of this action. The plaintiffs opposed the defendants’ motion and cross-moved for summary judgment in their favor. The Supreme Court granted the defendants’ motion and denied the plaintiffs’ cross motion as academic. The plaintiffs appeal from so much of the order as granted the defendants’ motion.
First, we reject the defendants’ contention that the plaintiffs do not have a private right of action under the Social Services Law for violations of their admission agreements and breaches of the implied warranty of habitability. Social Services Law § 461-c (2-a) (b) expressly provides that “[a]n action for breach of the warranty of habitability and any violation of a written admission agreement may be maintained in a court of competent jurisdiction by the resident or representative of the resident” (Social Services Law § 461-c [2-a] [b] [L 1994, ch 734, § 1]; see Carrier v Salvation Army, 88 NY2d 298, 304 [1996]; Henry v Isaac, 214 AD2d 188, 193 [1995]).
Furthermore, the defendants’ evidentiary submissions did not demonstrate, prima facie, the absence of triable issues of fact as to the cause of action alleging breach of contract. Evidence that the defendants installed additional telephone service after the commencement of this action did not establish that there had been no violation of the regulation, and, by incorporation, the admission agreements, before the action was commenced. Inasmuch as the defendants failed to meet their prima facie burden, that branch of their motion which was for summary judgment dismissing the first cause of action should have been *812 denied without regard to the sufficiency of the plaintiffs’ papers in opposition (see Rush v Swimming Pools by Jack Anthony, Inc., 98 AD3d 728, 730 [2012]).
Similarly, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the third cause of action, which alleged a violation of the federal Fair Housing Act (see 42 USC § 3601 et seq. [hereinafter the FHA]). Under the FHA, it is unlawful “[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . that person” (42 USC § 3604 [f] [2] [A]; see Magee v Boston Land Co. Mgt. Servs., 90 Fed Appx 560, 561 [2d Cir 2004]).
The defendants do not dispute that the plaintiffs are protected by the FHA or that adequate public telephone access constituted a service provided in connection with the rental of the residents’ dwelling units. The defendants contend, however, that the Supreme Court properly granted that branch of their motion which was for summary judgment dismissing that cause of action because there was no evidence that they discriminated against the plaintiffs because of their status as persons with disabilities. The defendants’ own submissions demonstrated the existence of a triable issue of fact as to whether the plaintiffs’ disabilities were a “motivating factor” behind the defendants’ alleged failure to provide the mandated level of telephone service (Smith & Lee Assoc., Inc. v City of Taylor, Mich., 102 F3d 781, 790 [6th Cir 1996], quoting Arlington Hgts. v Metropolitan Hous. Dev. Corp., 429 US 252, 270 [1977]; see Regional Economic Community Action Program, Inc. v City of Middletown, 294 F3d 35, 49 [2d Cir 2002], cert denied 537 US 813 [2002]). Consequently, that branch of the defendants’ motion which was for summary judgment dismissing the third cause of action should have been denied without regard to the sufficiency of the plaintiffs’ papers submitted in opposition (see Rush v Swimming Pools by Jack Anthony, Inc., 98 AD3d at 730).
The parties’ remaining contentions are without merit or need not be addressed in light of our determination. Florio, J.P., Balkin, Hall and Miller, JJ., concur.