The defendant Town of North Hempstead failed to establish its prima facie entitlement to judgment as a matter of law dismissing, insofar as asserted against it, the first and third causes of action, which were to recover damages for negligence and breach of contract, respectively (see Rush v Swimming Pools by Jack Anthony, Inc., 98 AD3d 728, 729-730 [2012]; City of Albany v Central Locating Serv., 228 AD2d 920, 922 [1996]). Consequently, it was unnecessary to consider the papers submitted by the plaintiff in opposition to the motion insofar as they related to those causes of action (see Rush v Swimming Pools by Jack Anthony, Inc., 98 AD3d at 730). Accordingly, the Supreme Court properly denied those branches of the Town’s motion which were for summary judgment dismissing the first and third causes of action insofar as asserted against it.
The Town, however, met its prima facie burden with respect to that branch of its motion which was for summary judgment dismissing, insofar as asserted against it, the second cause of action, which sought damages for an alleged violation of General Business Law article 36 and 16 NYCRR part 753 (see City of Albany v Central Locating Serv., 228 AD2d at 922). Since, in opposition, the plaintiff failed to raise a triable issue of fact (see General Business Law § 765 [1] [b]; 16 NYCRR 753-4.6 [a]), the *957 Supreme Court should have granted that branch of the Town’s motion which was for summary judgment dismissing the second cause of action insofar as asserted against it.
The Town’s remaining contentions are either improperly raised for the first time on appeal or without merit. Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.