■ HAWA BOUREIMA et al., Appellants, v NEW YORK CITY HUMAN RESOURCES ADMINISTRATION et al., Respondents. [10 NYS3d 199]—

Order, Supreme Court, New York County (Louis B. York, J.), entered January 30, 2014, which, inter alia, granted defendants' (HRA) motion for summary judgment dismissing the complaint, and denied plaintiffs' cross motion for partial summary judgment, unanimously modified, on the law, to deny the motion as to plaintiffs' disparate treatment claim pursuant to the New York City Human Rights Law (HRL), and otherwise affirmed, without costs.

Supreme Court correctly found that there is no private right of action under the Equal Access to Human Services Act (EAHSA) (Administrative Code of City of NY § 8-1001 *et seq.*). Indeed, EAHSA does not contain an express private right of action, and the legislature specifically removed a proposed right of action originally included with the draft law. Thus, even accepting that plaintiffs are in the class to be protected by the statute, a private right of action cannot be fairly implied as it would not be consistent with the legislative scheme or intent (*see Carrier v Salvation Army*, 88 NY2d 298, 302 [1996]).

However, the City HRL prohibits discrimination based on national origin and, as is pertinent, provides that it is unlawful for any provider of public accommodation, such as HRA, to discriminate on the basis of national origin by withholding from or denying accommodations, advantages, facilities, or privileges (*see* Administrative Code § 8-107 [4] [a]). Further, discrimination against limited English proficiency (LEP) individuals such as plaintiffs constitutes discrimination based on national origin (*see Colwell v Department of Health & Human Servs.*, 558 F3d 1112, 1116-1117 [9th Cir 2009]; *Lau v Nichols*, 414 US 563 [1974]). Accordingly, plaintiffs stated a claim for disparate treatment based on national origin pursuant to the City HRL, and we deny the motion as to that claim.

We also find that plaintiffs failed to plead a disparate impact claim in their complaint, and thus cannot be granted summary judgment on such a claim. Specifically, plaintiffs did not allege that HRA's policies or practices had a significantly adverse or disproportionate impact on LEP individuals, but only that failure to provide language services discriminated against them individually based on their national origin (*see* Administrative Code § 8-107 [17]; *Tsombanidis v West Haven Fire Dept.*, 352 F3d 565 [2d Cir 2003]). In any event, there appear to be questions regarding whether any of the plaintiffs suffered an injury,

as they either received benefits from HRA, were ineligible for benefits or make no claim for lost benefits. Concur—Sweeny, J.P., Renwick, Andrias, Moskowitz and Gische, JJ.