A. Anonymous v Mount Sinai Hosp. (2018 NY Slip Op 06212)





A. Anonymous v Mount Sinai Hosp.


2018 NY Slip Op 06212


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Friedman, J.P., Kapnick, Kahn, Oing, JJ.


7119 7118

[*1]A. Anonymous, Plaintiff-Appellant,
v
Mount Sinai Hospital, Defendant-Respondent, Housing Works, Defendant.


Antollino PLLC, New York (Gregory Antollino of counsel), for appellant.
Akerman LLP, New York (Rory J. McEvoy of counsel), for respondent.



Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered March 27, 2017, which granted defendant Mount Sinai Hospital's motion for summary judgment dismissing the employment discrimination claim, and order, same court and Justice, entered May 26, 2017, which denied plaintiff's cross motion for partial summary judgment, unanimously affirmed, without costs.
Supreme Court correctly dismissed the claim under the New York City Human Rights Law (City HRL) (Administrative Code of City of NY § 8—107[1]) that defendant terminated plaintiff's employment on the basis of his disability. Defendant established prima facie that it terminated plaintiff's employment because of his excessive absences, and plaintiff failed to raise an issue of fact whether the proffered reason was pretextual (see Melman v Montefiore Med. Ctr., 98 AD3d 107, 113 [1st Dept 2012]). Plaintiff failed to submit evidence that defendant was aware that he had any disability (see Pimentel v Citibank, N.A., 29 AD3d 141, 145 [1st Dept 2006], lv denied 7 NY3d 707 [2006]).
Plaintiff submitted no evidence that defendant knew he had HIV. He admitted that he did not tell anyone at defendant hospital about his HIV status. Rather, plaintiff cites a doctor's letter, printed on the letterhead of Housing Works, that states that he suffered from unspecified "symptoms" and needed to be excused from work for three days. The mere fact that the letterhead includes a caption that refers to housing for homeless people with AIDS and HIV does not, standing alone, suffice to create a triable issue whether defendant knew that plaintiff had HIV. There is no evidence that Housing Works treats only individuals with AIDS and HIV, that defendant believed that that was the case, or that the two individuals who made the decision to terminate plaintiff's employment saw the doctor's letter. Both of those individuals denied any knowledge that plaintiff had HIV, and both averred that the sole basis for his termination was plaintiff's excessive absences from work during his initial probationary period of employment.
Nor can defendant be held liable for failure to provide a reasonable accommodation for an employee who never alerted it to his disability (see Pimentel, 29 AD3d at 148).
Plaintiff also claims osteopenia, a bone condition, which purportedly resulted in additional days' absence from work, as a disability. However, he admitted at his deposition, and acknowledges on appeal, that he did not tell anyone at the hospital that he suffered from osteopenia. Rather, he argues that defendant was at least aware that he had a vague and unspecified "amalgam of bone conditions." This argument does not create a triable issue as to discrimination, including failure to accommodate, on account of osteopenia or any other disability. To the extent plaintiff relies on a soft-tissue injury near his knees, the injury does not rise to the level of a cognizable disability under the City HRL (see Administrative Code of City [*2]of NY § 8-102[16]). The doctor from whom he sought treatment for the injury asked that plaintiff be excused from work for 10 days, after which he could return with "no restrictions."
The court correctly denied plaintiff's cross motion for summary judgment, since the disparate impact claim on which he moved was not pleaded in the complaint and was asserted for the first time in conclusory fashion in the motion (Boureima v New York City Human Resources Admin., 128 AD3d 532, 533 [1st Dept 2015]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK