■ JULIE ADER et al., Respondents, v JOE GUZMAN, Appellant, et al., Defendants. [23 NYS3d 292]—

In an action, inter alia, to rescind a lease, the defendant Joe Guzman appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 2, 2014, as granted that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against him and denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Joe Guzman is the owner of a parcel of residential property located in the Town of Southampton (hereinafter the premises). On or about February 28, 2013, the plaintiffs entered into a lease agreement with Guzman to rent the premises from May 21, 2013, until September 5, 2013, for the sum of $180,000. Pursuant to the lease, the plaintiffs also paid a security deposit in the sum of $18,000 and a utility deposit in the sum of $18,000. Shortly after the term of the lease commenced, the plaintiffs allegedly learned that the premises lacked a valid rental permit as required by section 270-3 of the Town Code of the Town of Southampton (hereinafter Town Code). In a letter dated June 5, 2013, the plaintiffs notified Guzman that the lease was illegal and unenforceable, and demanded the return of all sums paid to him pursuant to the lease. In a letter dated June 13, 2013, Guzman rejected the plaintiffs' demand, stating that the plaintiffs had willingly executed the lease "after having sufficient opportunity to investigate whether or not [the premises] had a rental permit."

The plaintiffs thereafter commenced this action against, among others, Guzman to rescind the lease and recover the sum of $216,000, representing the amount paid by the plaintiffs

to Guzman pursuant to the lease. The plaintiffs subsequently moved for summary judgment on the complaint insofar as asserted against Guzman. The plaintiffs argued that it was illegal for Guzman to lease the premises without a rental permit and that a valid rental permit was a condition precedent to the collection of rent pursuant to section 270-13 of the Town Code. Guzman cross-moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that his violation of Town Code chapter 270 was merely malum prohibitum and did not render the lease unenforceable. The Supreme Court, inter alia, granted the plaintiffs' motion and denied Guzman's cross motion.

Resolution 2007-1184 was adopted by the Town Board of the Town of Southampton on August 28, 2007, to enact chapter 270 of the Town Code, based on a determination that: "there exists in the Town of Southampton serious conditions arising from the rental of non-owner occupied residential dwelling units that are (i) overcrowded and dangerous, (ii) in violation of various State and Town laws, (iii) inadequate in size to accommodate the number of occupants, and (iv) substandard. The Town Board recognizes that the renting and occupancy of such dwelling units pose a serious threat to the health, safety and welfare of the occupants and the neighbors."

Pursuant to Town Code § 270-3, "no owner shall cause, permit or allow the occupancy or use of a dwelling unit as a rental property without a valid rental permit." Section 270-5 provides that, "an application for a rental permit shall be filed with the enforcement authority before the term of the rental is to commence." Importantly, section 270-13 provides that a valid rental permit shall be a condition precedent to the collection of rent. The penalties for violating chapter 270 include monetary fines or imprisonment.

Contrary to Guzman's contention, Town Code chapter 270 affords an implied private right of action and, therefore, the plaintiffs may assert claims against him for his alleged violation of that statute (*see Schwartz v Torrenzano*, 49 Misc 3d 943 [2015]; *but see Liu v Asselbergs*, 2013 WL 6916379 [Sup Ct, NY County, Dec. 31, 2013, No. 157499/12]). Where, as here, a statute "does not explicitly provide for a private cause of action, recovery may be had under the statute only if a legislative intent to create such a right of action is 'fairly implied' in the statutory provisions and their legislative history" (*Brian Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.*, 76 NY2d 207, 211 [1990], quoting *Sheehy v Big Flats Community Day*, 73 NY2d 629, 633 [1989]). This inquiry involves three fac-

tors: " '(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme' " (*Maimonides Med. Ctr. v First United Am. Life Ins. Co.*, 116 AD3d 207, 211 [2014], quoting *Carrier v Salvation Army*, 88 NY2d 298, 302 [1996]; *see Sheehy v Big Flats Community Day*, 73 NY2d at 633). The third factor is often noted to be the "most important" (*Cruz v TD Bank, N.A.*, 22 NY3d 61, 70 [2013]; *see Brian Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.*, 76 NY2d at 211; *Maimonides Med. Ctr. v First United Am. Life Ins. Co.*, 116 AD3d at 211). Where, as here, the legislature clearly contemplated administrative enforcement of the statute, " '[t]he question then becomes whether, in addition to administrative enforcement, an implied private right of action would be consistent with the legislative scheme' " (*AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 16 [2008], quoting *Uhr v East Greenbush Cent. School Dist.*, 94 NY2d 32, 40 [1999]).

The plaintiffs satisfied the first and second factors here. Town Code chapter 270 is intended to benefit the occupants of rental properties in the Town of Southampton by requiring owners to obtain a valid rental permit as a condition precedent to the collection of rent (*see* Town Code § 270-13). Moreover, the legislative purpose is promoted by preventing owners from profiting from the rental of properties that are overcrowded, substandard, or otherwise violate State and Town laws.

The third factor, requiring that a private cause of action under a statute be consistent with the legislative scheme, has also been satisfied. As the Supreme Court correctly observed, Town Code chapter 270 is directed toward protecting the health, safety, and well-being of persons renting homes in the Town of Southampton. In that regard, Town Code § 270-6 requires that prior to the issuance of a rental permit, the enforcement authority must "make an on-site inspection of the proposed rental property" to ensure that the property "complies with the New York State Uniform Fire Prevention and Building Code and the Code of the Town of Southampton" (Town Code § 270-6). Although Town Code chapter 270 is intended to be enforced by designated Town officials and provides for penalties and fines, "without the threat of recoupment of rent, aside from the possibility of administrative enforcement, there is no incentive for a landlord to obtain a license, which is an overriding concern of the Town" (*Schwartz v Torrenzano*, 49 Misc 3d at 952).

Moreover, contrary to Guzman's contention, the Supreme Court properly determined that the lease was rendered illegal and unenforceable as a result of his violation of Town Code chapter 270. "The violation of a statute which is merely malum prohibitum will not necessarily render a contract illegal and unenforceable if that statute does not expressly provide that its violation will deprive the parties of their right to sue under the contract, and the denial of relief is wholly out of proportion to the requirements of public policy" (*R.A.C. Group, Inc. v Board of Educ. of City of N.Y.*, 21 AD3d 243, 248 [2005]; *see Benjamin v Koeppel*, 85 NY2d 549, 553 [1995]; *Lloyd Capital Corp. v Pat Henchar, Inc.*, 80 NY2d 124, 127 [1992]; *Simaee v Levi*, 22 AD3d 559, 562 [2005]). Furthermore, "forfeitures by operation of law are disfavored, particularly where a defaulting party seeks to raise illegality as 'a sword for personal gain rather than a shield for the public good' . . . Allowing parties to avoid their contractual obligation is especially inappropriate where there are regulatory sanctions and statutory penalties in place to redress violations of the law" (*Simaee v Levi*, 22 AD3d at 562, quoting *Lloyd Capital Corp. v Pat Henchar, Inc.*, 80 NY2d at 128). The Court of Appeals has observed that, "[w]here the procuring of a license is merely for the purpose of raising revenue it would seem that acts performed without securing a license would be valid. But where the statute looks beyond the question of revenue and has for its purpose the protection of public health or morals or the prevention of fraud, a non-compliance with its terms would affect the legality of the business" (*Benjamin v Koeppel*, 85 NY2d at 553 [internal quotation marks omitted]; *see Village Taxi Corp. v Beltre*, 91 AD3d 92, 99-100 [2011]).

Here, as noted above, although Town Code chapter 270 is, in part, revenue raising, the overriding concern of the statute is to protect the safety and well-being of occupants of rental properties in the Town of Southampton. Accordingly, under the circumstances of this case, it would be against public policy to permit Guzman to retain the plaintiffs' rental payments and to profit from his wrongdoing (*see R.A.C. Group, Inc. v Board of Educ. of City of N.Y.*, 21 AD3d at 248; *Schwartz v Torrenzano*, 49 Misc 3d 943, 950-951 [2015]).

Finally, Guzman failed to submit any evidence demonstrating that the plaintiffs were raising the argument of illegality for personal gain. In that regard, in opposition to the plaintiffs' prima facie showing that they surrendered possession of the premises shortly after the lease commenced, and abandoned any personal belongings remaining on the premises, Guzman

failed to raise a triable issue of fact demonstrating that the plaintiffs remained on the premises for the entire term of the lease or for any additional time thereafter (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *cf. Summer Fun Leasing v Bienen*, 2010 NY Slip Op 30836[U] [Sup Ct, Suffolk County 2010]).

Based on the foregoing, the Supreme Court properly granted summary judgment in favor of the plaintiffs. Rivera, J.P., Chambers, Sgroi and LaSalle, JJ., concur.