Rose Marie Marotta, Respondent, 
against
Jan Au and MEI AU, Appellants.



Appeal from a judgment of the District Court of Suffolk County, Fourth District (David A. Morris, J.), entered December 4, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $3,800.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment dismissing the action.
In this small claims action, plaintiff, who is a next-door neighbor of defendants, seeks to recover the principal sum of $3,800, based on an alleged incursion of bamboo from defendants' property onto her property. At a nonjury trial held on November 3, 2014, plaintiff testified that bamboo that defendants had planted on their property had migrated underground to her property, and that she had required professional assistance to eradicate the bamboo from her property and install a barrier to prevent future incursions. Plaintiff introduced into evidence, among other things, a copy of sections 125-11 through 125-13 of the Code for the Incorporated Village of Lake Grove (the Code), which, since August 15, 2013, has prohibited the planting of bamboo, and has required owners of properties with existing bamboo to remove any bamboo growing within 10 feet of the property line and to install a root barrier system to prevent the spread of such bamboo.
Defendants admitted that they had planted bamboo on their property 20 years previously, but claimed that, beginning in 2009, after they had received notices of violation from the Incorporated Village of Lake Grove for violation of its sanitary code by reason of the encroachment of bamboo onto the adjoining property, they had begun eradicating bamboo on their property. A letter from Lake Grove's Code Enforcement Officer stated that by November 9, 2013, no bamboo remained on defendants' property. Following the trial, judgment was awarded to plaintiff in the principal sum of $3,800, upon a finding that defendants had admitted that the bamboo on plaintiff's property had originated on defendants' property, and that defendants were thus liable to plaintiff under a theory of trespass.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their [*2]credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find no basis to impose liability on defendants. The District Court held defendants liable on a theory of trespass; however, since there was no evidence that defendants had "willfully allowed" their bamboo to spread over the property line (see Ford v Fink, 84 AD3d 725 [2011]), we reject that ground (see Turner v Coppola, 102 Misc 2d 1043 [Sup Ct, Nassau County 1980], affd 78 AD2d 781 [1980]).
To the extent that plaintiff sought at trial to establish defendants' liability under sections 125-11 through 125-13 of the Code, we need not decide whether these Code sections authorize a private cause of action, since, even if a private right of action could be implied under Lake Grove's legislative scheme (see Ader v Guzman, 135 AD3d 671, 672-673 [2016]), such a cause of action would fail here. Plaintiff did not establish that defendants had any bamboo growing on their property from August 2013 on, and defendants introduced evidence that all bamboo on their property had been eliminated by November 9, 2013. Consequently, plaintiff failed to prove the elements that would have been required to establish liability pursuant to any implied private cause of action under the Code. In view of the foregoing, we conclude that the judgment failed to render substantial justice between the parties according to the rules and principles of substantive law (see UDCA 1804, 1807).
Accordingly, the judgment is reversed and the matter is remitted to the District Court for the entry of a judgment dismissing the action.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: July 08, 2016