Kamins v United Healthcare Ins. Co. of N.Y., Inc. (2019 NY Slip Op 02507)





Kamins v United Healthcare Ins. Co. of N.Y., Inc.


2019 NY Slip Op 02507


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-03429
 (Index No. 64276/14)

[*1]Michael A. Kamins, etc., appellant-respondent,
v
United Healthcare Insurance Company of New York, Inc., et al., respondents-appellants.


The Maul Firm, P.C., Brooklyn, NY (Anthony F. Maul of counsel), for appellant-respondent.
Dorsey & Whitney LLP, New York, NY (Richard H. Silberberg of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for violations of Insurance Law §§ 3221(l)(5) and 4303(g) and (h), the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated March 7, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action in the amended complaint.
ORDERED that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff is an employee of the State of New York. During the time period relevant to this action, the plaintiff received health insurance benefits for himself and his family members through a health insurance plan that was insured and administered by the defendants. The plaintiff commenced this putative class action challenging the defendants' denial of mental health benefits allegedly owed to his adult son and similarly situated subscribers of the plaintiff's health insurance plan. The first cause of action in the amended complaint alleged violations of New York's mental health parity law, also known as Timothy's Law (see Insurance Law §§ 3221[l][5]; 4303[g], [h]). Specifically, the plaintiff alleged that the defendants applied a definition of medical necessity and utilization review requirements to coverage of mental health care claims that were far more restrictive than those imposed on general medical claims.
The defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the first cause of action in the amended complaint. In an order dated March 7, 2011, the Supreme Court, inter alia, granted that branch of the motion. The plaintiff appeals from that portion of the order. The defendants filed a notice of cross appeal from the order dated March 7, 2011, but, in their brief, do not ask for reversal or modification of the order. Accordingly, the defendants' cross appeal must be dismissed as abandoned (see Reid v Soults, 114 AD3d 921, 923).
Where, as here, a statute does not explicitly provide for a private right of action, recovery may only be had under the statute if a legislative intent to create such a right of action may "fairly be implied" in the statutory provisions and their legislative history (Sheehy v Big Flats Community Day, 73 NY2d 629, 633; see Brian Hoxie's Painting Co. v Cato-Meridian Cent. School Dist., 76 NY2d 207, 211; Ader v Guzman, 135 AD3d 671, 672). This inquiry involves three factors: " (1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme'" (Maimonides Med. Ctr. v First United Am. Life Ins. Co., 116 AD3d 207, 211, quoting Carrier v Salvation Army, 88 NY2d 298, 302; see Ader v Guzman, 135 AD3d at 672-673). Here, the parties do not dispute that the first two factors were satisfied, but disagree with regard to the third factor.
"The third factor is often noted to be the most important'" (Ader v Guzman, 135 AD3d at 673, quoting Cruz v TD Bank, N.A., 22 NY3d 61, 70). In that regard, the Court of Appeals has held that " regardless of its consistency with the basic legislative goal, a private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the Legislature or with some other aspect of the over-all statutory scheme'" (Cruz v TD Bank, N.A., 22 NY3d at 70-71, quoting Sheehy v Big Flats Community Day, 73 NY2d at 634-635; see Goldman v Simon Prop. Group, Inc., 58 AD3d 208, 215). Thus, where "the legislature clearly contemplated administrative enforcement of the statute, "[t]he question then becomes whether, in addition to administrative enforcement, an implied private right of action would be consistent with the legislative scheme"'" (Ader v Guzman, 135 AD3d at 673, quoting AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 16, quoting Uhr v East Greenbush Cent. School Dist., 94 NY2d 32, 40).
After the order appealed from was issued, the District Court for the Southern District of New York determined that no intent to create a private right of action can fairly be implied from the statutory language and legislative history of Timothy's Law (see Bushell v UnitedHealth Group Inc., 2018 WL 1578167, *2-3, 2018 U.S. Dist. LEXIS 51577, *4-10 [SD NY, Mar. 27, 2018, No. 17-CV-2021 (JPO)]). In so finding, the District Court found relevant an amicus brief filed by the New York State Department of Financial Services (hereinafter DFS) in Doe v Oxford Health Insurance, Inc. (17 Civ. 316 [ED NY 2017]). The District Court stated that, in that amicus brief, DFS took the position that Timothy's Law did not create a private right of action, and that a private right of action would "upend" the legislative enforcement scheme (Bushell v UnitedHealth Group Inc., 2018 WL 1578167, *2, 2018 U.S. Dist. LEXIS 51577, *6). DFS reasoned that determinations of whether the law had been violated required complex, fact-based determinations about medical necessity, and DFS had implemented a comprehensive system to evaluate appeals following denials of coverage (see id., 2018 WL 1578167, *3, 2018 U.S. Dist. LEXIS 51577, *6-7). We agree with the District Court that "allowing people to litigate these issues in court might yield duplicative or inconsistent results" (id.). Accordingly, we hold that Timothy's Law lacks a private right of action and, thus, agree with the Supreme Court's determination granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action in the amended complaint.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court