Ferris v Lustgarten Found. (2020 NY Slip Op 07357)





Ferris v Lustgarten Found.


2020 NY Slip Op 07357


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-01721
2017-01723
2020-02030
 (Index No. 606353/16)

[*1]Diane C. Ferris, appellant, 
v
Lustgarten Foundation, et al., respondents.


Ellenoff Grossman & Schole LLP, New York, NY (Paul P. Rooney of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Eric J. Sauter and Richard L. Reiter of counsel), for respondent Lustgarten Foundation.
Kelley Drye & Warren LLP, New York, NY (Barbara E. Hoey of counsel), for respondent Cablevision Systems Corporation.



DECISION & ORDER
In an action, inter alia, to recover damages for a violation of Not-For-Profit Corporation Law § 715-b, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered January 20, 2017, (2) an order of the same court entered February 10, 2017, and (3) a judgment of the same court entered May 22, 2017. The order entered January 20, 2017, granted the motion of the defendant Lustgarten Foundation pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. The order entered February 10, 2017, directed dismissal of the complaint insofar as asserted against the defendant Cablevision Systems Corporation "without the necessity of a formal motion to dismiss, on the same grounds as those cited in the January 20, 2017 Order." The judgment, upon the orders entered January 20, 2017, and February 10, 2017, is in favor of the defendants and against the plaintiff dismissing the complaint. The notice of appeal from the order entered January 20, 2017, is deemed also to be a notice of appeal from so much of the judgment as, upon that order, is in favor of the defendant Lustgarten Foundation and against the plaintiff dismissing the complaint insofar as asserted against that defendant (see CPLR 5501[c]).
ORDERED that the appeal from the order entered January 20, 2017, is dismissed (see Matter of Aho, 39 NY2d 241, 248); and it is further,
ORDERED that on the Court's own motion, the notice of appeal from the order entered February 10, 2017, is deemed to be a premature notice of appeal from so much of the judgment as, upon that order, is in favor of the defendant Cablevision Systems Corporation and against the plaintiff dismissing the complaint insofar as asserted against that defendant (see CPLR 5520[c]); the appeal will be prosecuted under Appellate Division Docket No. 2020-02030 and not under Appellate Division Docket No. 2017-01723; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the first cause of action; as so modified, the judgment is affirmed, that branch of the motion of the defendant Lustgarten Foundation which was pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against it is denied, the order entered January 20, 2017, is modified accordingly, so much of the order entered February 10, 2017, as directed dismissal of the first cause of action insofar as asserted against the defendant Cablevision Systems Corporation is vacated, the first cause of action is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for severance of that cause of action and further proceedings on that cause of action; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The issues raised on the appeals from the orders are being reviewed and considered on the appeal from the judgment (see CPLR 5501[a][1]; 5520[c]).
The plaintiff was an employee of the defendant Lustgarten Foundation (hereinafter Lustgarten), a not-for-profit corporation, for almost 10 years when her employment was terminated on December 7, 2015. According to the complaint, the defendant Cablevision Systems Corporation (hereafter Cablevision), a for-profit corporation, provides all of Lustgarten's funding and administrative support, including human resources, legal, and finance, and together with Lustgarten, comprise a single employer or joint employer with more than 20 employees. The plaintiff alleges that the defendants retaliated against her by, among other things, giving her a negative evaluation that was false and pretextual, disciplining her twice for minor mistakes on her timecards, changing her work schedule knowing that it conflicted with her second job, and ultimately terminating her employment because she reported two instances of improper fundraising conduct by calling Cablevision's anonymous "hotline" used for reporting questionable business practices.
The plaintiff commenced this action, seeking, in the first cause of action, to recover damages for a violation of Not-For-Profit Corporation Law § 715-b, and in the second cause of action, to recover damages for breach of an implied employment contract. Prior to answering the complaint, Lustgarten moved pursuant to CPLR 3211(a)(1), (3), and (7) to dismiss the complaint insofar as asserted against it. Lustgarten argued that Not-For-Profit Corporation Law § 715-b does not imply a private right of action and that, assuming it does, Lustgarten did not violate that statute because it employs fewer than 20 employees. Lustgarten also argued that the complaint failed to state a cause of action to recover damages for breach of an implied employment contract because the plaintiff was an at-will employee. In an order entered January 20, 2017, the Supreme Court granted Lustgarten's motion. In an order entered February 10, 2017, the court directed dismissal of the complaint insofar as asserted against Cablevision "without the necessity of a formal motion to dismiss, on the same grounds as those cited in the January 20, 2017 Order." A judgment was thereafter entered dismissing the complaint. The plaintiff appeals.
Where, as here, a statute does not explicitly provide for a private right of action, recovery may only be had under the statute if a legislative intent to create such a right of action may "fairly be implied" in the statutory provisions and their legislative history (Sheehy v Big Flats Community Day, 73 NY2d 629, 633; see Brian Hoxie's Painting Co. v Cato-Meridian Cent. School Dist., 76 NY2d 207, 211; Ader v Guzman, 135 AD3d 671, 672). This inquiry involves three factors: "'(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme'" (Maimonides Med. Ctr. v First United Am. Life Ins. Co., 116 AD3d 207, 211, quoting Carrier v Salvation Army, 88 NY2d 298, 302; see Kamins v United Healthcare Ins. Co. of N.Y., Inc., 171 AD3d 715, 716).
We agree with the Supreme Court's determination that the first and second factors were satisfied here. Not-For-Profit Corporation Law § 715-b is intended to protect, among others, employees who in good faith report any action or suspected action taken by or within the corporation that is illegal, fraudulent, or in violation of any adopted policy of the corporation from retaliation or adverse employment consequences. Here, the plaintiff is one of the class for whose particular benefit [*2]the statute was enacted (see Not-For-Profit Corporation Law § 715-b[a]). Moreover, the legislative purpose is promoted by holding corporations accountable by allowing whistleblowers to commence civil actions to recover damages for retaliation or adverse employment consequences (see Sheehy v Big Flats Community Day, 73 NY2d at 633; see also Della Pietra v Poly Prep Country Day Sch., 2016 NY Slip Op 32916[U] [Sup Ct, Kings County]; Joshi v Trustees of Columbia Univ. in City of N.Y., 2018 WL 2417846, 2018 US Dist LEXIS 89280 [SD NY, No. 17-CV-4112 (JGK)]).
However, we disagree with the Supreme Court's determination that the third factor, requiring that a private right of action under a statute be consistent with the legislative scheme, was not also satisfied. "The third factor is often noted to be the 'most important'" (Ader v Guzman, 135 AD3d 671, 673, quoting Cruz v TD Bank, N.A., 22 NY3d 61, 70). In that regard, the Court of Appeals has held that "'regardless of its consistency with the basic legislative goal, a private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the Legislature or with some other aspect of the over-all statutory scheme'" (Cruz v TD Bank, N.A., 22 NY3d at 70-71, quoting Sheehy v Big Flats Community Day, 73 NY2d at 634-635; see Goldman v Simon Prop. Group, Inc., 58 AD3d 208, 215). Thus, where "the legislature clearly contemplated administrative enforcement of the statute, '"[t]he question then becomes whether, in addition to administrative enforcement, an implied private right of action would be consistent with the legislative scheme"'" (Ader v Guzman, 135 AD3d at 673, quoting AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 16, quoting Uhr v East Greenbush Cent. School Dist., 94 NY2d 32, 40). However, where there is no regulatory agency to otherwise enforce compliance with a statute, "the recognition of a private right of action would do no harm" (Negrin v Norwest Mtge., 263 AD2d 39, 48; see Goldman v Simon Prop. Group, Inc., 58 AD3d at 216).
Here, there is no regulatory agency to enforce compliance with Not-For-Profit Corporation Law § 715-b on behalf of an employee. Although Not-For-Profit Corporation Law § 112(a)(7) provides for the Attorney General's protection of the rights of members, directors, or officers of not-for-profit corporations, that statute does not include employees (see Della Pietra v Poly Prep Country Day Sch., 2016 NY Slip Op 32916[U]; Joshi v Trustees of Columbia Univ. in City of N.Y., 2018 WL 2417846, 2018 US Dist LEXIS 89280). Accordingly, we hold that Not-For-Profit Corporation Law § 715-b creates an implied private right of action for employees who are retaliated against or subject to adverse employment consequences as a result of whistleblowing activities (see Della Pietra v Poly Prep Country Day Sch., 2016 NY Slip Op 32916[U]; Joshi v Trustees of Columbia Univ. in City of N.Y., 2018 WL 2417846, 2018 US Dist LEXIS 89280). Thus, the Supreme Court should not have directed dismissal of the first cause of action insofar as asserted against Cablevision on the ground that Not-For-Profit Corporation Law § 715-b does not create an implied private right of action.
Lustgarten's alternative contention that the first cause of action was properly dismissed insofar as asserted against it because it employed fewer than the 20 employees necessary to meet the threshold for protection under Not-For-Profit Corporation Law § 715-b is without merit. A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint based on documentary evidence may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the causes of action as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Air & Power Transmission, Inc. v Weingast, 120 AD3d 524, 524-525). Here, Lustgarten's submissions did not conclusively establish that it had fewer than 20 employees when the plaintiff reported the improper fundraising conduct (see McCully v Jersey Partners, Inc., 60 AD3d 562, 562; Gibraltar Steel Corp. v Gibraltar Metal Processing, 19 AD3d 1141, 1142). Nor did its submissions conclusively establish that Lustgarten and Cablevision should not be considered together under the "single employer doctrine" or the "joint employer doctrine" (see e.g. Matter of Argyle Realty Assoc. v New York State Div. of Human Rights, 65 AD3d 273, 278-279; Barbosa v Continuum Health Partners, Inc., 716 F Supp 2d 210, 216 [SD NY]). Accordingly, the Supreme Court should have denied that branch of Lustgarten's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against it.
With respect to the second cause of action, even accepting as true the facts alleged [*3]in the complaint and according the plaintiff the benefit of every favorable inference (see CPLR 3211[a][7]; Campaign for Fiscal Equity v State of New York, 86 NY2d 307, 318; see also Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414; Leon v Martinez, 84 NY2d 83, 87-88), the plaintiff, an at-will employee of Lustgarten, failed to state a cause of action to recover damages for breach of an implied employment contract (see CPLR 3211[a][7]; Weiner v McGraw-Hill, Inc., 57 NY2d 458; Waddell v Boyce Thompson Inst. for Plant Research, Inc., 92 AD3d 1172). Accordingly, we agree with the Supreme Court's determination to grant that branch of Lustgarten's motion which was pursuant to CPLR 3211(a) to dismiss that cause of action insofar as asserted against it and to direct dismissal of that cause of action insofar as asserted against Cablevision.
The parties' remaining contentions are not properly before this Court.
DILLON, J.P., COHEN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court