Rosen v Zionist Org. of Am. (2024 NY Slip Op 01770)

Rosen v Zionist Org. of Am.

2024 NY Slip Op 01770

Decided on March 28, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2024

Before: Manzanet-Daniels, J.P., Kapnick, González, Mendez, Pitt-Burke, JJ. 

Index No. 159365/22 Appeal No. 1940 Case No. 2023-04913 

[*1]John Rosen, Plaintiff-Appellant,
v
Zionist Organization of America, et al., Defendants-Respondents.

Law Office of Alexander Sakin, LLC, New York (Alexander Sakin of counsel), for appellant.
Spector Gadon Rosen Vinci P.C., New York (David B. Picker of counsel), for respondents.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about March 31, 2023, which granted defendants' motion to dismiss, unanimously modified, on the law, to deny dismissal of plaintiff's claim under Not-for-Profit Corporation Law § 715-b, and otherwise affirmed, without costs.
Plaintiff fails to allege that he worked in New Jersey, as required to avail himself of the New Jersey Law Against Discrimination (NJLAD) and New Jersey Conscientious Employee Protection Act (NJCEPA) (see Goodman v Port Auth. Of New York and New Jersey, 850 F Supp 2d 363, 383 [SD NY 2012]). It is undisputed that plaintiff's employer, defendant Zionist Organization of America (ZOA), is based in New York and that plaintiff was hired to work out of its New York office in 2017. Plaintiff only began working out of his New Jersey home in March 2020 because of the COVID-19 pandemic (see Supino v SUNY Downstate Med. Ctr., 2021 WL 4205181, *13, 2021 US Dist LEXIS 177861, *36-38 [ED NY 2021]). In addition, plaintiff has not alleged that any of the incidents underlying his alleged whistleblower complaint to ZOA or his termination occurred in New Jersey.
However, plaintiff has sufficiently alleged a cause of action under N-PCL 715-b(a). This statute requires certain nonprofit organizations to adopt and implement whistleblower policies to protect individuals who report suspected improper conduct from retaliatory conduct and defendants failed to refute plaintiff's allegation that he was an employee rather than an officer of ZOA (see Ferris v Lustgarten Found., 189 AD3d 1002, 1005-1006 [2d Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 28, 2024