Berliner v Scherzer (2025 NY Slip Op 04454)

Berliner v Scherzer

2025 NY Slip Op 04454

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-05626
 (Index No. 608880/22)

[*1]Eric Berliner, appellant, 
v
Maxwell Scherzer, et al., respondents.

Berliner & Pilson, Great Neck, NY (Richard J. Pilson of counsel), for appellant.
Kenneth E. Aneser (Hogan & Cassell, LLP, Jericho, NY [Michael Cassell], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Erica L. Prager, J.), entered April 26, 2023. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and on their counterclaims for a judgment declaring that a lease agreement between the parties dated May 5, 2022, is illegal and unenforceable and to recover damages for monies paid pursuant to the lease agreement.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the lease agreement between the parties dated May 5, 2022, is illegal and unenforceable.
On May 5, 2022, the defendants, as tenants, entered into a lease agreement with the plaintiff, as landlord, for the rental of premises located in the Village of Sands Point. The lease was for a term beginning on June 15, 2022, and ending on October 31, 2024. Pursuant to the lease agreement, at the time of its signing, the defendants paid the first month's rent in the sum of $25,000, a security deposit in the sum of $25,000, and a broker's fee in the sum of $25,000.
On June 16, 2022, the defendants, based on a visual inspection, ascertained that the premises were unsafe, and they never moved into the premises. On June 24, 2022, the Village informed the defendants that, for a variety of specified reasons, the premises were not fit for rental and no rental permit would be issued until the premises were "repaired in accordance with the Code of the Village of Sands Point." On that same date, June 24, 2022, the defendants notified the plaintiff that the premises were unfit for rental and lacked a valid rental permit, and requested, inter alia, that the lease agreement be canceled and that the plaintiff refund the monies paid pursuant to the lease agreement. The plaintiff refused to return the monies paid pursuant to the lease agreement.
The plaintiff commenced this action against the defendants to recover damages for breach of the lease agreement. The defendants filed an answer with counterclaims, among other things, for a judgment declaring that the lease agreement is illegal and unenforceable and to recover damages for monies paid pursuant to the lease agreement. The defendants moved, inter alia, for [*2]summary judgment dismissing the complaint and on their counterclaims for a judgment declaring that the lease agreement is illegal and unenforceable and to recover damages for monies paid pursuant to the lease agreement. In an order entered April 26, 2023, the Supreme Court, among other things, granted those branches of the motion. The plaintiff appeals.
Code of Village of Sands Point (hereinafter Village Code) former § 176-7.1 was enacted based on a determination that "there exist in the Village . . . serious conditions arising from rental of dwelling units that are substandard or in violation of the Village Code [and] impact the health, safety, and welfare of the residents of the Village," and with the goals of "halt[ing] the proliferation of such conditions" and enhancing "the public health, safety, welfare, and good order and governance of the Village" (id. § 176-7.1[A]). Pursuant to Village Code former § 176-7.1(D)(2), "[i]t shall be unlawful and a violation of the Village Code for any person . . . who owns a dwelling unit in the Village to establish, maintain, use, let, lease, rent or suffer or permit the occupancy and use thereof as a rental dwelling unit without having a valid permit for such rental occupancy." Village Code former § 176-7.1(P) provides that the issuance of a rental occupancy permit is a condition precedent to collecting rent for the use and occupancy of a rental dwelling unit. Village Code former § 176-7.1(U) sets fines for violations of any provision of the section.
Here, the defendants established, prima facie, that the lease agreement was rendered illegal and unenforceable as a result of the plaintiff's violation of Village Code former § 176-7.1 (see Ader v Guzman, 135 AD3d 671, 674). It is undisputed that no rental permit had been issued for the premises as of May 5, 2022, the date on which the lease agreement was signed and the defendants paid, inter alia, rent and a security deposit pursuant to the lease agreement. It is further undisputed that no rental permit had been issued as of June 15, 2022, that date on which the lease term commenced. Although Village Code former § 176-7.1 may, in part, raise revenue for the Village, the overriding concern of the section is to protect the safety and well-being of the residents of rental properties in the Village. Accordingly, it would be against public policy to permit the plaintiff to retain the defendants' payments and to profit from his wrongdoing (see Ader v Guzman, 135 AD3d at 674; R.A.C. Group, Inc. v Board of Educ. of City of N.Y., 21 AD3d 243, 248; see also Benjamin v Koeppel, 85 NY2d 549, 553). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, he failed to demonstrate that the defendants were raising the argument of illegality for personal gain, especially in light of the fact that they never occupied the premises (see Ader v Guzman, 135 AD3d at 674-675; cf. Estate of Tawil v Sutton, 223 AD3d 638, 638).
Contrary to the plaintiff's further contention, the defendants' motion was not premature. The plaintiff failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence or that facts essential to opposing the motion were exclusively within the knowledge and control of the defendants (see CPLR 3212[f]; Vasquez v Vullis Corp., 220 AD3d 906, 907). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Leak v Hybrid Cars, Ltd., 132 AD3d 958, 959 [internal quotation marks omitted]).
The plaintiff's contention that the Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment on so much of their counterclaim to recover damages for monies paid pursuant to the lease agreement as sought to recover the broker's fee in the sum of $25,000, on the ground such claim should have been made directly against the broker, is improperly raised for the first time on appeal (see Wells Fargo Bank v Islam, 174 AD3d 670, 671-672; Clement v Durban, 147 AD3d 39, 47, affd 32 NY3d 337).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and on their counterclaims for a judgment declaring that the lease agreement is illegal and unenforceable and to recover damages for monies paid pursuant to the lease agreement.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the lease agreement is illegal and unenforceable (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court